## 50089. THRIFT v. VI-VIN PRODUCTS, INC.

BELL, Chief Judge.

Plaintiff sued the defendant on open account in the State Court of DeKalb County. Plaintiff alleged that the trial court had jurisdiction over the defendant, a nonresident of Georgia, by reason of its having conducted business in DeKalb County. Code Ann. §§ 24-113.1(a) and 24-117. The record shows that defendant was served with process in New Jersey on September 18, 1972. No responsive pleadings were filed and the trial court entered a judgment by default on November 17, 1972. In October 1973, plaintiff, in aid of its judgment, propounded nine interrogatories to defendant. On December 18, 1973, the court granted plaintiff's motion for an order to compel answers to all the interrogatories. On January 22, 1974, defendant filed separate motions to set aside the judgment by default and to dismiss the motion to compel answers. Both motions were based on the ground of the lack of personal jurisdiction over the defendant. On February 8, 1975, the court entered another order

compelling defendant to answer only five of the nine interrogatories "to the extent that they seek to discover any assets of the defendant located in the State of Georgia." Defendant thereafter complied. On April 26, 1974, defendant filed the affidavit of its vice president in support of its motion to set aside which was to the effect that defendant transacted no business in Georgia other than the "isolated transaction" with plaintiff. The trial court granted the motion to set aside the judgment on May 20, 1974. *Held:*

1. The defense of lack of jurisdiction over the person is waived if no motion to dismiss on this ground has been made nor included in a responsive pleading. CPA § 12 (h) (1) (Code Ann. § 81A-112 (h) (1)). It appears that defendant was properly served with process in accordance with the Long Arm Statute. It was then incumbent on it to raise the defense of lack of personal jurisdiction by motion or by answer. Defendant did neither. Therefore, a waiver of this defense resulted. The trial court acquired jurisdiction over defendant's person and the resulting judgment by default was conclusive. *Aiken v. Bynum,* 128 Ga. App. 212 (196 SE2d 180).

2. Having concluded that the trial court erred in setting aside the judgment by default, we need not consider the issue of whether the 1974 amendment to CPA § 60 (d) which became effective on March 28, 1974 (Ga. L. 1974 p. 1138) had application to the defendant's motion to set aside at the time of the entry of the order setting aside the judgment.

3. The trial court originally ordered defendant to answer all of the post-judgment interrogatories but later apparently modified its order requiring answers to only five and only to the limited extent that the interrogatories seek to discover assets located in Georgia. There appears to be no valid reason why all should not have been ordered answered without limitation. There is no territorial limitation in our discovery statutes as to location of witnesses, documents, assets, etc. CPA §§ 26 (b) (1) and 69 (Code Ann. §§ 81A-126 (b) (1) and 81A-169). It was error to limit the discovery undertaken.

*Judgment reversed. Webb and Marshall, JJ., concur.*

ARGUED JANUARY 7, 1975 — DECIDED APRIL 24, 1975 —
REHEARING DENIED MAY 8, 1975.

*Roy J. Leite, Jr., Sexton & Skidmore, Rick S. Sexton,* for appellant.
*Mackay & Elliott, Thomas W. Elliott,* for appellee.