## 67537. GEORGIA RAILROAD BANK & TRUST COMPANY v. BARTON.

DEEN, Presiding Judge.

Georgia Railroad Bank and Trust Company (bank) appeals from the Richmond County Superior Court's dismissal of its action seeking collection of several promissory notes, with principal and interest totaling nearly $125,000, which appellee Barton had executed in favor of appellant. Dismissal of the action, brought under

the Georgia Long Arm Statute, OCGA § 9-10-91 (Code Ann. § 24-113.1), was based on lack of *in personam* jurisdiction.

Appellee, formerly a resident of South Carolina and a Florida resident at the time the action below was filed, is a real estate developer who had had accounts with appellant, as well as other Richmond County banks, for several years prior to the filing of the action. The notes sued upon were executed on forms supplied by appellant bank and headed "Augusta, Georgia" (appellant bank is authorized to do business only in Richmond County, Georgia), but were actually signed by appellee at his residence in Hilton Head, S. C. Bank records made in the ordinary course of business and entered in evidence indicate that after appellee fell into arrears on the notes, he visited the bank more than once to discuss recollateralization of the loans and other matters having to do with repayment.

The bank's assertion of long-arm jurisdiction of appellee is based on the following statutory language: "A court of this state may exercise personal jurisdiction over any nonresident . . . as to a cause of action arising from any of the acts [or] omissions . . . enumerated in this Code section, . . . if in person or through an agent, he: (1) Transacts any business within this state." The Richmond County Superior Court granted appellee's motion to dismiss on the basis that appellee's contacts with appellant bank "do not constitute transacting business in this State within the meaning of" OCGA § 9-10-91 (1) (Code Ann. § 24-113.1). *Held:*

It is undisputed that appellee breached his contract with appellant to repay to the latter the sums due in accordance with the terms of the promissory notes. The sole issue on appeal, therefore, is whether Georgia courts had *in personam* jurisdiction of appellee under the Long Arm Statute, so as to afford appellant a remedy for the breach. The crux is whether appellee's execution of promissory notes to appellant, in return for appellant's advancing him certain sums of money, constituted "transacting business" in Georgia within the meaning of the cited Code section. Georgia courts have construed this section as embodying three requisites, which are set forth in the leading case in this area, *Shellenberger v. Tanner,* 138 Ga. App. 399, 404, 405 (227 SE2d 266) (1976): "(1) The nonresident must purposefully avail himself of the privilege of doing some act or consummating some transaction with or in the forum . . . A single event may be a sufficient basis if its effects within the forum are substantial enough to qualify under Rule 3;

"(2) The plaintiff must have a legal cause of action against the nonresident which arises out of, or results from, the activity or activities of the defendant within the forum; and

"(3) If (and only if) the requirements of Rules 1 and 2 are

established, a 'minimum contact' between the nonresident and the forum exists; the assumption of jurisdiction must be found to be consonant with the due process notions of 'fair play' and 'substantial justice.' "

Scrutiny of the tripartite requirement of *Shellenberger* reveals that it is cumulative; that is, part 3 expressly requires establishment of the requisites of both part 1 and part 2 before part 3 can be implemented, and part 2 likewise requires for its implementation an affirmative finding that the non-resident has engaged in an "activity or activities . . . within the forum," as contemplated in part 1. Appellee contends that, because the promissory notes were signed in South Carolina and his actual visits to Richmond County with respect to negotiation and repayment of the notes were few in number, he did not have the minimum contacts sufficient to activate even the first *Shellenberger* requirement, let alone either of the other two. In support of this contention appellee cites those cases which hold that telephone and mail contacts, or single isolated visits, are insufficient to establish the "purposeful activity" which would constitute transacting business in the state. See, e.g., *Wise v. State Bd. for Examination &c.,* 247 Ga. 206 (274 SE2d 544) (1981); *Davis Metals v. Allen,* 230 Ga. 623 (198 SE2d 285) (1973); *Graphic Machinery v. H. M. S. Direct Mail Service,* 158 Ga. App. 599 (281 SE2d 343) (1981). See also *O. N. Jonas Co. v. B & P Sales,* 232 Ga. 256 (206 SE2d 437) (1974).

"[T]he trend of the opinions," however, "is to construe long arm 'transacting any business' statutes most liberally and to uphold the jurisdiction of the court of the plaintiff's residence in actions arising, either directly or indirectly, out of such transactions." *Davis Metals v. Allen,* supra at 626; *Bosworth v. Cooney,* 156 Ga. App. 274 (274 SE2d 604) (1980). The statute's requirements are less stringent than the old rule, which required a regular and systematic course of activity within the state in order to confer jurisdiction. Intl. Shoe Co. v. State of Washington, 326 U. S. 310 (66 SC 154, 90 LE 95) (1945); Droke House Publishers v. Aladdin Distrib. Corp., 352 FSupp. 1062 (N. D. Ga. 1972). Under *Shellenberger,* supra at 404, "[a] single event may be a sufficient basis if its effects within the forum are substantial enough . . ." Accord, McGee v. Intl. Life Ins. Co., 355 U. S. 220 (78 SC 199, 2 LE2d 223) (1957); Freeman v. Motor Convoy, 409 FSupp. 1100 (N. D. Ga. 1975). Such a result may obtain whether or not the non-resident is physically present in the state. *Shellenberger v. Tanner,* supra at 408.

The contacts in the instant case differ both qualitatively and quantitatively from those in *Jonas* and *Graphic Machinery,* supra. There can be little doubt that appellee knowingly and purposefully

availed himself of the financial resources of a Georgia banking institution; nor can one seriously dispute that the economic effect of a default of $125,000 would be "substantial." We hold, therefore, that under *Shellenberger,* supra, appellee purposefully did an act or acts and consummated a transaction or transactions within the state, so as to establish legally sufficient contacts. The first prong of the *Shellenberger* test is thus satisfied.

The direct connection between the execution of the notes and appellant's suit for collection is so obvious as to require no elaboration. Suffice it to say that the second prong of the test is also satisfied.

We come finally to the third requirement under *Shellenberger:* "[C]onsonan[ce] with the due process notions of 'fair play' and 'substantial justice.'" Had the facts of the instant case been such that it was appellant bank which in some manner breached its contract with appellee, one can hardly doubt that the non-resident appellee would have availed himself affirmatively of the protection of Georgia's laws and sought redress thereunder. By signing a binding contract, or series of contracts, with a Georgia corporation, appellant potentially invoked the protection of the laws of Georgia with respect to "individual rights and liabilities under the contract." *Davis Metals v. Allen,* supra at 625. Had neither party breached, it would of course have been unnecessary for either *actually* to "avail himself of" such protection; and no cause of action would have arisen. The speciousness of appellee's contention that he did not avail himself of Georgia's resources is apparent. The point is that both parties to the contract were equally subject to both the protection and the admonition of Georgia's laws.

We hold that in the fact situation of the instant case, neither reasonableness nor fair play nor substantial justice would be offended by the exercise of jurisdiction over appellee. The trial court erred in dismissing the action for lack of jurisdiction.

*Judgment reversed. McMurray, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 2, 1984 —
REHEARING DENIED FEBRUARY 15, 1984 —

*Mark L. Wilhelmi, Clay Stebbins, O. Palmour Hollis,* for appellant.
*Isaac S. Jolles,* for appellee.