BEATTY, Justice.
The defendant, George Gladbach, Jr., appeals from a summary judgment entered in favor of the plaintiff, Barbara Ann Sparks. We affirm.
Plaintiff Sparks is the sole devisee and executrix of the estate of her late father, James K. McRae. On January 31, 1981, Gladbach, a resident of Athens, Georgia, executed a promissory note to McRae in the amount of $175,000, with interest thereon at 10% per annum. The note, which was executed in Russellville, Alabama, and witnessed by Sparks, provided that “[principal and interest shall be payable at the home of J.K. McRae, Russellville, Alabama, 35653, or at such other place as the holder hereof may designate in writing, in ten (10) installments.”
Gladbach paid the first installment, but it is undisputed that he thereafter defaulted on the note. Sparks filed suit in Franklin County, Alabama, seeking to recover the unpaid principal, accrued interest, and attorney’s fees as provided for by the terms of the note. Service by certified mail was had on Gladbach at his place of business in Athens, Georgia.
The only issue on this appeal is whether the trial court had in personam jurisdiction over the nonresident defendant Glad-bach.
In Alabama Waterproofing Co. v. Hanby, 431 So.2d 141, 144 (Ala.1983), this Court stated:
“The Due Process Clause of the Fourteenth Amendment limits the power of a state court to render a valid personal judgment against a nonresident defendant. Kulko v. Superior Court of California, 436 U.S. 84, 91, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978). Under Alabama’s long-arm procedure, Rule 4.2, A.R.Civ.P., as interpreted by Court decisions, an Alabama court may acquire in personam jurisdiction over a nonresident defendant if the defendant has sufficient ‘minimum contacts’ so that the maintenance of the suit does not offend ‘traditional notions of fair play and substantial justice.’ International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 290, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980); Bryant v. Ceat S.p.A., 406 So.2d 376, 377 (Ala.981), cert. denied, 456 *144 U.S. 944, 102 S.Ct. 2008, 72 L.Ed.2d 466 (1982).”
Accord Calder v. Jones, — U.S. -, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984).
Gladbach maintains that he did not have sufficient minimum contacts with this state to enable the trial court to obtain in per-sonam jurisdiction over him. He points out that the record shows that he was present in this state only one time and that was merely to sign the promissory note.
Under Rule 4.2(a), A.R.Civ.P., jurisdiction over a nonresident may be acquired in any action if
“[t]he person has sufficient contacts with this state, as set forth in subdivision (a)(2) of this rule, so that the prosecution of the action against the person in this state is not inconsistent with the Constitution of this state or the Constitution of the United States.... ”
Subdivision (a)(2) provides:
“A person has sufficient contacts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person’s:
“(A) Transacting business in this state;”
The Colorado long-arm provision, found at § 13-1-124, Col.Rev.Stat. (1973), is very similar to Rule 4.2. Pursuant to § 13-1-124, a non-resident who “[e]ngag[es] in any act enumerated in this section” is subject to the jurisdiction of the Colorado courts “concerning any cause of action arising from: (a) The transaction of any business within [Colorado].” In D.E.B. Adjustment Co. v. Dillard, 32 Colo.App. 184, 508 P.2d 420 (1973), the Colorado Court of Appeals held that the execution of a promissory note in Colorado by a nonresident “constituted the transaction of business by [the nonresident], and he was therefore subject to the jurisdiction of the court.” 32 Colo.App. at 185, 508 P.2d at 421.
We also find the reasoning of the Georgia Court of Appeals in Georgia R.R. Bank & Trust Co. v. Barton, 169 Ga.App. 821, 315 S.E.2d 17 (1984), to be applicable. In that case, Barton, a resident of Hilton Head, South Carolina, executed several promissory notes in favor of the plaintiff, a Georgia bank. Barton actually signed the notes at his residence in South Carolina. However, after he fell into arrears on the notes, “he visited the bank more than once to discuss recollateralization of the loans and other matters having to do with repayment.” 169 Ga.App. at 822, 315 S.E.2d at 18.
When Barton eventually defaulted on the note, plaintiff bank filed suit against him in Georgia based on the Georgia long-arm statute, which provides:
“A court of this State may exercise personal jurisdiction over any nonresident ... as to a cause of action arising from any of the acts [or] omissions ... enumerated in this Code section, ... if in person or through an agent, he: (1) Transacts any business within this State.”
Ga.Code Anno. § 24-113.1 (1981). The trial court dismissed the action based on lack of in personam jurisdiction. In reversing this judgment, the Court of Appeals stated:
“It is undisputed that [Barton] breached his contract with [the bank] to repay to the latter the sums due in accordance with the terms of the promissory notes. The sole issue on appeal, therefore, is whether Georgia courts had in person-am jurisdiction of [Barton] under the Long Arm Statute, so as to afford [the bank] a remedy for the breach. The crux is whether [Barton’s] execution of promissory notes to [the bank], in return for [the bank’s] advancing him certain sums of money, constituted ‘transacting business’ in Georgia within the meaning of the cited Code section_” (Emphasis added.) 169 Ga.App. at 822, 315 S.E.2d at 19.
That court then noted that the following requisites must be met for Barton’s actions to constitute the transaction of business:
“ ‘(1) The nonresident must purposefully avail himself of the privilege of doing some act or consummating some transaction with or in the forum ... A *145 single event may be a sufficient basis if its effects within the forum are substantial enough to qualify under Rule 3 [below];
“ ‘(2) The plaintiff must have a legal cause of action against the nonresident which arises out of, or results from, the activity or activities of the defendant within the forum; and
“ ‘(3) If (and only if) the requirements of Rules 1 and 2 [above] are established, a “minimum contact” between the nonresident and the forum exists; the assumption of jurisdiction must be found to be consonant with the due process notions of “fair play” and “substantial justice.” ’ ”
Id., quoting from Shellenberger v. Tanner, 138 Ga.App. 399, 404-05, 227 S.E.2d 266, 272 (1976). Cf. Southern Machine Co. v. Mohasco Industries, Inc., 401 F.2d 374, 381 (6th Cir.1968) (applying essentially the same criteria to determine whether a single event constituted the transaction of business under the Tennessee long-arm statute). Barton argued that because he signed the notes in South Carolina and visited Georgia in regard to the notes only a few times, “he did not have the minimum contacts sufficient to activate even the first ... requirement [set out above], let alone either of the other two.” Id. The Court of Appeals, however, noting that even a single event can constitute a sufficient contact, held that all three requisites had been met.
As to the first requirement, the court found that Barton “knowingly and purposefully availed himself of the financial resources of a Georgia banking institution” and that “the economic effect of a default of $125,000 would be ‘substantial.’ ” 169 Ga.App. at 823-24, 315 S.E.2d at 20. The second requirement was also met in that the “direct connection between the execution of the notes and [the bank’s] suit for collection is so obvious as to require no elaboration.” Id. In discussing the third requisite, the court recognized that Barton would undoubtedly have availed himself of the protection of Georgia law had the bank somehow breached the contract, then stated:
“By signing a binding contract, or series of contracts, with a Georgia corporation, appellant potentially invoked the protection of the laws of Georgia with respect to ‘individual rights and liabilities under the contract.’ ...” Id.
Based on this, the court concluded that the exercise of jurisdiction over Barton did not offend reasonableness, fair play, or substantial justice.
This Court has recognized that “the ultimate test of in personam jurisdiction is ‘reasonableness’ and ‘fairness’ and ‘traditional . notions of fair play.’ ” Alabama Power Co. v. VSL Corp., 448 So.2d 327, 328 (Ala.1984) (quoting from Garrett v. Key Ford, Inc., 403 So.2d 923, 925 (Ala.Civ.App.1981)). Adopting the analysis and reasoning set forth by the Georgia Court of Appeals in Barton, supra, we hold that Gladbach’s execution of the promissory note in Alabama constituted a sufficient contact in the way of transacting business under Rule 4.2(a)(2)(A), so that in person-am jurisdiction over him does not offend reasonableness, fairness, or the traditional notions of fair play.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.