**ALGEMENE BANK NEDERLAND, M.V. —ATLANTA AGENCY, Plaintiff,**

v.

**W.R. MATTOX, Defendant.**

**Civ. A. C85-31A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

May 23, 1985.

Judith S. Willingham, Atlanta, Ga., for plaintiff.

Howell Hollis, III, Atlanta, Ga., for defendant.

## ORDER OF COURT

HORACE T. WARD, District Judge.

This is a diversity action in which the plaintiff seeks collection of a certain promissory note for which the defendant executed a guarantee in favor of the plaintiff bank. The matter is currently before the court on the defendant's motion to dismiss the complaint for lack of personal jurisdiction over the defendant, pursuant to Fed.R. Civ.P. 12(b)(2).

The bank's assertion of personal jurisdiction over the defendant is predicated solely upon the Georgia long arm statute, O.C. G.A. § 9–10–91. Under that statute, a Georgia court may exercise personal jurisdiction over a nonresident defendant if said nonresident, in person or through an agent, transacts business in the state. O.C.G.A. § 9–10–91(1). Georgia courts have construed this section as embodying three requisites: 1) the nonresident must have purposefully done some act or consummated some transaction in the state; 2) the plaintiff must have a cause of action which arises from or is connected with such act or transaction; and 3) the exercise of jurisdiction by the courts of the state must not offend traditional notions of fair play and substantial justice. *Shellenberger v. Tanner*, 138 Ga.App. 399, 404–405, 227 S.E.2d 266, 273 (1976). The tripartite requirement of *Shellenberger* is cumulative; establishment of the first requisite is required before the next one comes into play, and so on. *Georgia Railroad Bank & Trust Company v. Barton*, 169 Ga.App. 821, 823, 315 S.E.2d 17, 19 (1984).

The defendant contends that no factual basis exists to establish the "purposeful activity" which would constitute transacting business in Georgia. This court agrees.

It is undisputed that the defendant, at all relevant times, has been a resident of North Carolina and that he has had virtually no contact with the State of Georgia.

While it is also undisputed that the defendant executed the purported guaranty which is the subject matter of this action, as shown by the uncontradicted affidavit of Eunice H. Mattox, said guaranty was neither solicited nor executed in Georgia.

This is not a case in which any of the contract negotiations are alleged to have occurred within the confines of Georgia. *Compare Delta Equities, Inc. v. Larwin Mortgage Investors*, 133 Ga.App. 382, 211 S.E.2d 9 (1974). Nor is this a case where the nonresident defendant is alleged to have had other financial dealings with the plaintiff. *Compare Barton*, 169 Ga.App. 821, 315 S.E.2d 17. Although the purported guaranty contains a choice-of-law provision calling for the application of Georgia law, which the Georgia Supreme Court has recognized as invoking the protection of the law of Georgia and therefore a contact to be considered in determining the applicability of Georgia's long-arm statute, *Davis Metals, Inc. v. Allen*, 230 Ga. 623, 625, 198 S.E.2d 285, 287 (1973), it is clear that the Georgia courts consider the "totality of the circumstances." *Brooks Shoe Manufacturing, Inc. v. Byrd*, 144 Ga.App. 431, 433, 241 S.E.2d 299, 301 (1977).

Given the totality of the circumstances in this case, this court has no doubt that the Georgia courts would hold, consistent with the due process clause of the Fourteenth Amendment, that the defendant has not transacted business in this state within the meaning of § 9–10–91. Accordingly, the court concludes that there is no basis for its exercise of personal jurisdiction over the nonresident defendant. Defendant's motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(2) is GRANTED, and this action is hereby DISMISSED.