ON REHEARING EX MERO MOTU
PER CURIAM.
After due consideration on rehearing on motion of the Court, the original opinion is withdrawn and the following opinion is substituted therefor.
The defendant, The Brick Warehouse, Ltd., appeals from a summary judgment granted by the Circuit Court of Franklin County in favor of the plaintiff, Sunshine Homes, Inc. The issue for review is whether the trial court had in personam jurisdiction over the defendant, a nonqual-ified Canadian Corporation. We find that the trial court did have jurisdiction over the defendant and affirm.
The plaintiff is a furniture manufacturer with its principal offices in Red Bay, Alabama. The defendant is a retail furniture supplier with outlets throughout the Dominion of Canada. In March 1983, the defendant, by telephone, placed the first of many orders with the plaintiff for furniture manufactured by the plaintiff. The defendant had viewed samples of the plaintiff’s furniture at a trade show in North Carolina. From the initial order in March, until November 1983, the defendant made numerous purchases from the plaintiff, which were reflected by 15 separate invoices. At least a portion of the purchases were made on open account and all goods were shipped to the defendant by rail.
Alleging that some of the furniture shipped to the defendant arrived in a damaged condition, the defendant unilaterally deducted a portion of the purchase price owing to the plaintiff. The plaintiff filed suit in the Circuit Court of Franklin County, Alabama, to recover the balance owed by the defendant on the prior purchases *861 and served the defendant by registered mail in Edmonton, Alberta, Canada, in March 1984.
The defendant points out that there was no written agreement or communications between the parties, that no agent of the defendant visited plaintiff's plant in Alabama, and that the defendant had no office or agent in this state. From these facts, the defendant argues that its acts of purchasing goods from the Alabama manufacturer were not sufficient contacts to give the circuit court in personam jurisdiction over it.
“Under Rule 4.2(a), A.R.Civ.P., jurisdiction over a nonresident may be acquired in any action if
“ ‘[t]he person has sufficient contacts with this state, as set forth in subdivision (a)(2) of this rule, so that the prosecution of the action against the person in this state is not inconsistent with the Constitution of this state or the Constitution of the United States.... ’
“Subdivision (a)(2) provides:
“ ‘A person has sufficient contacts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person’s:
“ ‘(A) Transacting business in this state; ’ ”
Gladbach v. Sparks, 468 So.2d 143, 144 (Ala.1985).
In Gladbach we quoted from Georgia R.R. Bank & Trust Co. v. Barton, 169 Ga.App. 821, 315 S.E.2d 17 (1984), which set out three requisites that must be met under Georgia law in order for a nonresident defendant’s actions to constitute the “transaction of business” so as to give in personam jurisdiction over that nonresident:
“ ‘ “(1) The nonresident must purposefully avail himself of the privilege of doing some act or consummating some transaction with or in the forum.... A single event may be a sufficient basis if its effects within the forum are substantial enough to qualify under rule 2 [below];
“ ‘ “(2) the plaintiff must have a legal cause of action against the nonresident which arises out of, or results from, the activity or activities of the defendant within the forum; and
“ ‘ “(3) If (and only if) the requirements of Rule 1 and 2 [above] are established, a “minimum contact” between the nonresident and the forum exists; that assumption of jurisdiction must be found to be consonant with the due process notions of “fair play” and “substantial justice.” ’ ”
The Georgia court applied these three criteria to hold that a nonresident defendant who had executed a promissory note in South Carolina in favor of a Georgia bank, in exchange for money advanced to him, and who had “visited the bank” to discuss “recollateralization of the loans,” had “transacted business” in Georgia and therefore was subject to the jurisdiction of the Georgia court in a suit based on his failure to pay the note. In Gladbach we applied the Georgia court’s reasoning to hold that defendant Gladbach, a resident of Georgia, was subject to suit in Alabama because he had “transacted business” in Alabama, having come into Alabama to sign the promissory note he was later being sued upon. All three of the Georgia court’s criteria were met in Gladbach.
In the present case also, those three criteria of the Georgia court would be met. The defendant’s frequent activities over a substantial period of time constitute the transaction of business within this state and properly subject it to the in personam jurisdiction of the circuit court. First, defendant, by continuously placing orders for the purchase of furniture manufactured in Alabama with the expectation of realizing a profit from the various transactions, clearly places itself within the ambit of the first requirement of Gladbach — the doing of some act or the consummating of a transaction within this state. Second, plaintiff has a legal cause of action arising out of defendant’s activities in this state, because *862 it claims that defendant has purchased furniture in this state and has not paid for it. Thus, the requirement of minimum contacts by defendant is met.
As concerns the third criterion, we said in Cagle v. Lawson, 445 So.2d 564, 565 (Ala.1984):
“Where, as here, there is a minimum of contacts, and the cause of action arises out of the contacts, we consider the quality and nature of the activity in this state in order to determine whether maintenance of the suit will offend ‘traditional notions of fair play and substantial justice.’ Williams v. Barrington Ford, Inc., 402 So.2d 903 (Ala.1981). Also relevant are the foreseeability by the defendant of being sued in Alabama as a result of his activity in this state and the level of inconvenience to the defendant in defending the suit.”
We also observed in Cagle:
“ ‘ “Based as they are on notions of fairness and reasonableness, the Supreme Court decisions do not permit a simple generalization of the rule pertaining to in personam jurisdiction over foreign corporations....
“ ‘ “If there are substantial contacts with the state, for example a substantial and continuing business, and if the cause of action arises out of the business done in the state, jurisdiction will be sustained. ... [I]f there is a minimum of contacts, and the cause of action arises out of the contacts, it will normally be fair and reasonable to sustain jurisdiction. ” ’ ”
Id. (quoting 2 J. Moore, Federal Practice, Para. 4.25, pp. 4-258 through 4-267 (2d ed. 1982) (emphasis added in Cagle).
We cannot say that it is unfair or unreasonable to sustain the jurisdiction of the circuit court under this particular fact situation. The nature, frequency, and duration of the defendant’s actions show an affirmative activity that would cause the defendant to reasonably anticipate defending an action in Alabama arising from the activity. In addition, we note that the defendant initiated the purchases here and was more than an occasional patron. Furthermore, the defendant has not shown a disproportionate increase in its burden in defending the action in the Alabama court. From our view, the inconvenience to either party by litigating in the other party’s jurisdiction is equal.
Both in Gladbach and in this case we have analyzed the jurisdiction issue in terms of the three criteria set out by the Georgia Court of Appeals. It was convenient to do so, because all three criteria were clearly met. While in Gladbach we spoke of “[ajdopting the analysis and reasoning set forth by the Georgia Court of Appeals,” we did not then, and do not now, mean to say that we consider these three criteria to be the law in Alabama regarding jurisdiction based on a nonresident’s “transacting business” in this state. Particularly, we have not in Gladbach or in this case adopted Georgia’s strict requirement that the cause of action be based upon the defendant’s activities within the state.
In fact, A.R.Civ.P. 4.2(a)(2), provides:
“A person has sufficient contacts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person’s
“(I) otherwise having some minimum contacts with this state and, under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action. The minimum contacts referred to in this subdivision (I) shall be deemed sufficient, notwithstanding a failure to satisfy the requirement of subdivisions (A)-(H) of this subsection (2), so long as the prosecution of the action against a person in this state is not inconsistent with the constitution of this state or the Constitution of the United States.”
In other words, under the Georgia ruling formulated in Georgia R.R. Bank & Trust Co. v. Barton, supra, the third criterion becomes operative “if (and only if)” the *863 first two criteria are established. Under A.R.Civ.P. 4.2(a)(2)(I) the minimum contact requisite may be met independent of the requirement of subdivisions (A)-(H) of subsection (2).
Contrary to the defendant’s contentions, we are not dissuaded from our holding here by the fact that the defendant is a corporation of the Dominion of Canada, nor by the prospect of the plaintiffs inability to enforce a judgment rendered in this state against the defendant. Although we recognize that these are factors that may be considered when determining the reasonableness of personal jurisdiction, they are insufficient to preclude personal jurisdiction over the defendant in the instant case.
For all of the above reasons, we conclude that the trial court had jurisdiction and therefore properly denied the defendant’s summary judgment motion.
ON REHEARING EX MERO MOTU, ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
All the Justices concur.