A94A1103. WATTS v. ALLSTATE INSURANCE COMPANY.
(448 SE2d 55)

SMITH, Judge.

Ernestine Watts, a resident of Bibb County, brought suit against Ernestine Daniel, a California resident, in the State Court of Bibb County, seeking recovery for damages incurred in an automobile accident that occurred in California. Daniel was served by publication. Watts also served her uninsured motorist insurance carrier, Allstate Insurance Company, through its registered agent. Allstate answered in its own name, admitting that Watts was its insured, but denying the jurisdiction of the trial court. Allstate subsequently filed a motion to dismiss, which was granted.

Watts contends the trial court erred in granting Allstate's motion to dismiss. She argues that service on Daniel by publication was proper because of certain language in OCGA § 33-7-11 (e) providing for service by publication upon out-of-state defendants. She further argues that under *Douglas v. Woon*, 205 Ga. App. 355, 356 (1) (422 SE2d 61) (1992) and *Norman v. Daniels*, 142 Ga. App. 456 (1) (236 SE2d 121) (1977), it was improper to dismiss the action when service had been perfected against the UM carrier.

Watts misunderstands the statute and the holdings in these cases. Subsection (e) of OCGA § 33-7-11 does not create new *rights* for plaintiffs to sue uninsured motorists; it merely provides *procedures* whereby plaintiffs may recover their losses from their own insurers subject to rights granted under other laws. *Houston v. Doe*, 136 Ga. App. 583, 584 (1) (222 SE2d 131) (1975). OCGA § 33-7-11 (e) provides that where the owner or operator of a vehicle causing injury

or damage is known but resides out of this state, a judge may grant an order for service by publication and a copy of the action shall be served upon the UM carrier. Implicit in this statute is that it applies only *where jurisdiction is otherwise proper in Georgia.*

As pointed out by Allstate, ever since *Pennoyer v. Neff*, 95 U. S. 714 (24 LE 565) (1877), it has been axiomatic that plaintiffs are not free to bring suit wherever they choose. With the expansion of commerce in this country and the population's increasing mobility, the states' authority to exercise personal jurisdiction over nonresidents has been significantly expanded. *Intl. Shoe Co. v. Washington*, 326 U. S. 310 (66 SC 154, 90 LE 95) (1945); *Marbury v. Marbury*, 256 Ga. 651, 654-655 (352 SE2d 564) (1987). However, the power of state courts to exercise personal jurisdiction over defendants in civil actions must always be tested against the guarantees of fairness and justice embodied in the due process clauses of the federal and state constitutions. A defendant may not be called upon to defend himself in a foreign tribunal unless he has done some act by which he avails himself of the benefits and protections of that jurisdiction's laws. Id.

Georgia courts may exercise jurisdiction over Georgia residents, of course. Their jurisdiction also extends to "[a] person who is not a citizen of this state, passing through or sojourning temporarily in the state." OCGA § 9-10-33. Under our Long Arm Statute, OCGA § 9-10-90 et seq., Georgia courts also have authority to exercise jurisdiction over nonresident defendants based upon certain "minimum contacts" with the state, as set forth in OCGA § 9-10-91. Pursuant to the Nonresident Motorists Act, OCGA § 40-12-1 et seq., nonresidents who are involved in accidents occurring within this state may be sued in Georgia courts on the theory that by using our highways nonresidents consent to be sued in Georgia. OCGA § 40-12-1 (a).

Daniel is not a Georgia resident and she does not fall within any of the categories set forth in these statutes. She has not had even minimum contacts with this state and has not performed any act by which she availed herself of the benefits or protections of Georgia's laws. It would, therefore, offend the constitutional guarantee of due process to allow Watts to bring suit against her in Georgia. The trial court did not err in dismissing Watts' complaint.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED AUGUST 5, 1994 —
RECONSIDERATION DENIED AUGUST 18, 1994 — 

*Dozier, Akin, Lee & Graham, L. Z. Dozier, Jr.*, for appellant.
*Bonnie K. Cole*, for appellee.