A95A0689. HOESCH AMERICA, INC. v. DAI YANG METAL COMPANY, LTD.
(459 SE2d 187)

JOHNSON, Judge.

Dai Yang Metal Company, Ltd., a Korean corporation, negotiated with Unisun Corporation, another Korean corporation, for Dai Yang to sell steel to Bellamy International, Inc. ("Bellamy"), a California corporation. Dai Yang dealt only with Unisun in negotiating the contract and had been led to believe that Bellamy was the ultimate purchaser of the steel. All negotiations took place in Korea. Dai Yang shipped the goods to Bellamy in California as agreed. Dai Yang only learned of Hoesch America, Inc.'s ("Hoesch") involvement when it received letter of credit documents bearing Hoesch's name. The letters of credit were negotiated in Korea. Dai Yang was never informed that the goods were intended to be delivered to or used in Georgia. Dai Yang had no contact with Hoesch regarding payment and paid sales commissions for the transaction only to Unisun in Korea.

Alleging that some of the steel was defective, Hoesch filed a breach of contract action in Georgia against Dai Yang. Dai Yang was served with process in Korea but never answered or entered an appearance. Hoesch moved for and received a default judgment against Dai Yang and then petitioned to domesticate the Georgia judgment in California. At that time, Dai Yang moved in Georgia to open the default judgment and to dismiss the Georgia action, claiming it lacked the minimum contacts with Georgia necessary to be subject to the jurisdiction of Georgia's courts. The trial court granted both Dai Yang's motion to open the default judgment and its motion to dismiss the complaint.

1. Hoesch argues that the trial court erred in granting the motions because Dai Yang waived the defense of lack of personal jurisdiction by not raising it in a responsive pleading or filing a motion to dismiss after being served under Georgia's Long Arm Statute. We do not agree that a nonresident served in an action brought under Georgia's Long Arm Statute waives his lack of personal jurisdiction defense by not answering the complaint.

A court's power to render a judgment binding on the parties depends at the outset upon it having jurisdiction. See generally *Bid-*

*dinger v. Fletcher*, 224 Ga. 501, 505 (162 SE2d 414) (1968). "[E]ver since *Pennoyer v. Neff*, 95 U. S. 714 (24 LE 565) (1877), it has been axiomatic that plaintiffs are not free to bring suit wherever they choose. . . . [T]he power of state courts to exercise personal jurisdiction over defendants in civil actions must always be tested against the guarantees of fairness and justice embodied in the due process clauses of the federal and state constitutions. A defendant may not be called upon to defend himself in a foreign tribunal unless he has done some act by which he avails himself of the benefits and protections of that jurisdiction's laws." (Citations omitted.) *Watts v. Allstate Ins. Co.*, 214 Ga. App. 462, 463 (448 SE2d 55) (1994).

In *Baldwin v. Iowa State &c. Assoc.*, the United States Supreme Court held that a resident of Iowa who was sued in Missouri and who made a special appearance to contest jurisdiction "had the election not to appear at all. If, in the absence of appearance, the court had proceeded to judgment and the present suit had been brought thereon, [the defendant] could have raised and tried out the issue in the present action, because it never would have had its day in court with respect to jurisdiction." 283 U. S. 522, 525 (51 SC 517, 75 LE 1244) (1931). More recently, the United States Supreme Court stated: "A defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding." *Ins. Corp. v. Compagnie Des Bauxites*, 456 U. S. 694, 706 (102 SC 2099, 72 LE2d 492) (1982).

Georgia's Long Arm Statute is not inconsistent with those holdings of the United States Supreme Court. Our statute provides in pertinent part: "*A person subject to the jurisdiction of the courts of the state under Code Section 9-10-91*, or his executor or administrator, may be served with a summons outside the state in the same manner as service is made within the state. . . ." (Emphasis supplied.) OCGA § 9-10-94. OCGA § 9-10-91 provides that "[a] court of this state may exercise personal jurisdiction over any nonresident . . . as to a cause of action arising from any of the acts . . . enumerated in this Code section, in the same manner as if he were a resident of this state, if in person or through an agent, he: (1) Transacts any business within this state. . . ."

In other words, whether a nonresident is subject to the long arm jurisdiction of our courts is determined not simply by examining whether he was served with process, but by considering the criteria set forth in OCGA § 9-10-91. Where the criteria of OCGA § 9-10-91 have not been met, the criteria of Georgia's Long Arm Statute have likewise not been met. An application of the criteria set forth in OCGA § 9-10-91 is critical, because otherwise any person served with process would be subject to the jurisdiction of Georgia's courts, regardless of whether he has transacted any business here. Such a result

would be unfair, unjust, unconstitutional, and contrary to the holdings of the United States Supreme Court.

We disagree with Hoesch's argument that waiver of the defense occurred when Dai Yang failed to answer the complaint. In support of this argument, it relies on OCGA § 9-11-12 (h) (1) (B), which provides that a defense of lack of jurisdiction over the person is waived if neither made by motion nor included in a responsive pleading as originally filed. As discussed above, a foreign corporation which is not transacting business within this state cannot be forced to come into the state to defend against a claim or to contest jurisdiction. Under OCGA § 9-11-60 (d) (1), (f), a person may bring a motion to set aside a judgment void for lack of jurisdiction at any time. OCGA § 9-11-12 (h) (1) (B) cannot be constitutionally applied to preclude a nonresident from bringing such a motion after a default judgment is entered against it.

Hoesch also relies upon *Vanguard Diversified v. Institutional Assoc.*, 141 Ga. App. 265 (233 SE2d 247) (1977), as support for its argument that a waiver occurred. In *Vanguard*, a panel of this court held that a defense of lack of personal jurisdiction was waived when no motion to dismiss had been made nor the defense included in a responsive pleading where the defendant had been properly served under the Long Arm Statute. Id. at (1). *Vanguard* relies upon three cases: *Aiken v. Bynum*, 128 Ga. App. 212 (196 SE2d 180) (1973); *Echols v. Dyches*, 140 Ga. App. 191 (230 SE2d 315) (1976), and *Thrift v. Vi-Vin Products*, 134 Ga. App. 717 (215 SE2d 709) (1975). We note that in *Thrift*, the defendant filed motions to set aside a default judgment for lack of jurisdiction prior to the effective date of the 1974 amendment to OCGA § 9-11-60 (d), which allowed judgments to be attacked for lack of personal jurisdiction. See Ga. L. 1974, pp. 1138, 1139. This court decided *Thrift* without considering the amendments to this statute. Id. at 718 (1). *Echols* and *Thrift* are both based entirely on *Aiken*. *Aiken* is a venue case. Id. at 213 (2). Jurisdiction and venue are very different matters; one concerns the right and power of a court to adjudicate a matter, while the other simply involves the place of the suit. See *Biddinger*, supra at 504-505. Furthermore, the part of the *Aiken* opinion relied upon in the other cases cited was unnecessary to the holding of the case and is merely dicta. Moreover, the case serves as physical precedent only, inasmuch as one of the three judges concurred in the judgment only. Finally, *Aiken* relies on *King v. Phillips*, 70 Ga. 409 (1883) as support for this statement, a case decided long before the enactment of Georgia's Long Arm Statute. Thus, the trial court did not err in holding that Dai Yang's failure to answer or move to dismiss before judgment was entered did not amount to a waiver of the defense of lack of jurisdiction. *King, Vanguard, Aiken, Thrift,* and their progeny cannot constitutionally be

read to hold otherwise.

We recognize the fact that the actions of a nonresident defendant can in some cases result in a waiver of a lack of personal jurisdiction defense. Generally, however, a waiver results when a nonresident submits to the jurisdiction of the court by seeking a ruling from the court on the merits of the case or otherwise enters a general appearance without raising the issue. See *Crawford v. Randle*, 191 Ga. App. 112, 115 (1) (381 SE2d 77) (1989). Here, Dai Yang sought no ruling on the merits from the court, and therefore, is permitted to seek a ruling from the trial court on the question of jurisdiction. See *Baldwin*, supra. This case illustrates precisely why trial courts should inquire into questions of jurisdiction as well as service before entering a default judgment. And, while it may not be wise to ignore the process, a defendant may do so, risk default, and later attack the judgment based upon the fact that the court did not have jurisdiction over him. In not answering, Dai Yang did not waive its defense of lack of personal jurisdiction.

2. Hoesch argues that the trial court did not apply the correct test in determining whether it had jurisdiction over Dai Yang. Hoesch argues that the trial court should have applied the test set out in *Ga. R. Bank &c. Co. v. Barton*, 169 Ga. App. 821 (315 SE2d 17) (1984). That test provides that personal jurisdiction over a nonresident is established under the Long Arm Statute if the nonresident purposefully avails himself of the privilege of doing some act or consummating some transaction with or in the forum and the cause of action arises out of or results from the defendant's activities within the forum; if both criteria are met, minimum contacts between the nonresident and the forum exist, provided such a finding is consonant with the due process notions of fair play and substantial justice. Id. at 822-823.

Although the trial court in its order does not specifically mention this case, it bases its analysis upon OCGA § 9-10-91 (1) and upon *Drennen v. First Home Sav. Bank*, 204 Ga. App. 714, 715 (1) (420 SE2d 376) (1992), a case which Hoesch cited as authority to the trial court and which utilizes the same test as *Ga. R. Bank*. In reaching its decision, the trial court considered such issues as whether Dai Yang transacted any business in Georgia, whether Dai Yang maintained an office or agents here, where negotiations took place, where the goods were shipped, whether there was a course of dealing between the parties, whether minimum contacts were shown between Dai Yang and Georgia, and whether Dai Yang had availed itself of any of the benefits of the law of Georgia. The trial court did not err in considering these factors. See generally *Smith v. Air Ambulance Network*, 207 Ga. App. 75 (427 SE2d 305) (1993); *Burt v. Energy Svcs. Invest. Corp.*, 207 Ga. App. 210 (427 SE2d 576) (1993).

3. Hoesch contends that the trial court erred in finding that Dai

Yang was not transacting business within Georgia and did not possess sufficient minimum contacts with Georgia to give the court jurisdiction. We disagree. "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations. The constitutional touchstone is whether the defendant purposefully established minimum contacts in the forum State. The foreseeability that is critical to due process analysis is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." (Citations and punctuation omitted.) *Eastlawn Corp. v. Bankers Equip. Leasing Co.*, 211 Ga. App. 551, 553 (439 SE2d 753) (1993). The only connection Dai Yang had with Georgia was that Hoesch sent the purchase orders to Dai Yang from Georgia; the shipping orders showed Hoesch, with a Georgia address, as the purchaser; and a Georgia bank issued the letters of credit covering the purchase. Dai Yang's part in the transaction consisted of shipping the steel from Korea to California. These acts are insufficient to establish the purposeful activity with Georgia required by the Long Arm Statute. See *Wise v. State Board &c. of Architects*, 247 Ga. 206, 209 (2) (274 SE2d 544) (1981); *Smith v. Air Ambulance Network*, supra. They are also insufficient to satisfy the "transacting business" requirement of Georgia's Long Arm Statute. See *Berry v. Jeff Hunt Machinery Co.*, 148 Ga. App. 35, 36 (3) (250 SE2d 813) (1978). Under the facts of this case, Dai Yang has not transacted any business within this state, and the exercise of jurisdiction over it by Georgia's courts would offend traditional fairness and substantial justice. See *O. N. Jonas Co. v. B & P Sales Corp.*, 232 Ga. 256, 259 (206 SE2d 437) (1974); *Hart v. DeLowe Partners*, 147 Ga. App. 715, 717 (2) (C) (250 SE2d 169) (1978). A trial court's ruling on a motion to set aside a judgment will be affirmed if there is any evidence to support it. There being evidence to support the trial court's decision to set aside the default judgment, we affirm it. *Arnold v. Brundidge Banking Co.*, 209 Ga. App. 278, 280 (433 SE2d 388) (1993). Likewise, we find no error in the trial court's grant of Dai Yang's motion to dismiss for lack of jurisdiction.

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED JULY 13, 1995.

*Smith, Gambrell & Russell, John G. Despriet, Glen P. Brock III,* for appellant.

*Jackson & Tyler, H. Bruce Jackson, Bruce A. Hagen*, for appellee.