CRAWLEY, Judge.
Don Hagood and United Machinery & Supply Company, Inc., sued Dan McCor-kle and Professional Homes, L.L.C., alleging that McCorkle owed him money on an open account or an account stated and that McCorkle had converted his property. McCorkle, as a principal of Professional Homes, answered and moved to dismiss Hagood’s action, alleging that no Alabama court had personal jurisdiction over him. The trial court dismissed Hagood’s action. Hagood appealed to the supreme court, which transferred the case to this court, pursuant to Ala.Code 1975, § 12-2-7(6).
Our supreme court has discussed the principles relating to personal jurisdiction over nonresident defendants, such as McCorkle and Professional Homes, as follows:
“The requirements for personal jurisdiction over a nonresident defendant are set out in Rule 4.2(a)(2), Ala.R.Civ.P.:
“ ‘(2) Sufficient Contacts. A person has sufficient contacts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person’s:
“ ‘(A) transacting any business in this state;
[[Image here]]
“ ‘(I) otherwise having some minimum contacts with this state, and under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action. The minimum contacts referred to in this subdivision (I) shall be deemed sufficient, notwithstanding a failure to satisfy the requirement of subdivisions (A)-(H) of this subsection (2), so long as the prosecution of the action against a person in this state is not inconsistent with the constitution of *1072 this state or the Constitution of the United States.’
“Service of process under Rule 4.2(a)(2) has been held to be as far-reaching as due process permits. However, the constitutional guaranty of due process precludes a court from asserting jurisdiction over a defendant unless the defendant has sufficient contacts with the forum state. Murray v. Alfab, Inc., 601 So.2d 878 (Ala.1992).”
Ex parte Kamilewicz, 700 So.2d 340, 341-42 (Ala.1997). See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-76, 105 S.Ct. 2174, 85 L.Ed.2d 528" (1985), for a discussion of the United States Constitution’s due-process requirements for the exercise of personal jurisdiction over nonresident defendants.
The record reveals the following facts: Hagood is the president of United Machinery & Supply Company, Inc., an Alabama corporation. McCorkle operates Professional Homes, L.L.C., in Ocean Springs, Mississippi. McCorkle telephoned Hagood in June 1999 to discuss leasing some equipment. McCorkle telephoned Hagood about twice a month until October 1999, when he told Hagood that he was sending a driver to pick up the equipment. The driver presented to Hagood documents authorizing the driver to pick up the equipment and to execute a lease for McCorkle. McCorkle had told Hagood that he would lease the equipment for approximately one week or perhaps somewhat longer than a week. McCorkle did not return the equipment until the end of November 1999, after Hagood had hired a lawyer to pursue legal action against McCorkle.
Hagood argues that McCorkle’s contacts with Alabama are sufficient to allow Alabama to exercise personal jurisdiction over McCorkle, because McCorkle, through an agent, executed a lease in Alabama. McCorkle did not file a brief with this court, but argued in the trial court that the execution of the lease was not a sufficient contact to support the exercise of personal jurisdiction. We agree with Hagood.
Our • supreme court has held that the execution of a promissory note is a sufficient contact to allow a state to constitutionally exercise personal jurisdiction over a nonresident defendant. Gladbach v. Sparks, 468 So.2d 143 (Ala.1985). The court utilized the following reasoning of the Georgia Court of Appeals to determine whether one act can be a sufficient contact:
“ ‘(1) The nonresident must purposefully avail himself of the privilege of doing some act or consummating some transaction with or in the forum[.] ... A single event may be a sufficient basis if its effects within the forum are substantial enough to qualify under Rule 3 [below];
“ ‘(2) The plaintiff must have a legal cause of action against the nonresident which arises out of, or results from, the activity or activities of the defendant within the forum; and
“ ‘(3) If (and only if) the requirements of Rule 1 and 2 [above] are established, a “minimum contact” between the nonresident and the forum exists; the assumption of jurisdiction must be found to be consonant with the due process notions of “fair play” and “substantial justice.” ’ ”
Georgia R.R. Bank & Trust Co. v. Barton, 169 Ga.App. 821, 822-23, 315 S.E.2d 17, 19 (1984) (quoting Shellenberger v. Tanner, 138 Ga.App. 399, 404-05, 227 S.E.2d 266, 272 (1976)).
We conclude that the requirements of Barton adopted by the Gladbach court are met in this case. McCorkle initiated contact with Hagood regarding the rental of the equipment, and he sent an agent to Alabama to execute a lease and pick up the equipment. Hagood has several causes of action that he can pursue against McCor- *1073 kle, including breach of the lease, conversion, and actions upon an open account or an account stated. The record indicates McCorkle’s action had a substantial impact upon Hagood’s business in Alabama and that Alabama’s exercise of personal jurisdiction over him would comport with the due-process requirements of “fair play” and “substantial justice.”
Therefore, the trial court’s judgment dismissing Hagood’s action is reversed. The trial court is instructed to allow Ha-good’s action to proceed.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE and THOMPSON, JJ., concur.
YATES, J., concurs specially.