This is an appeal from the trial court's order granting defendant/appellee Barrington Ford's motion to dismiss for lack of in personam jurisdiction.
In July of 1979, plaintiff/appellant Ocie M. Williams, a resident of Verbena, Alabama, entered into a sales contract with defendant/appellee Barrington Ford for the purchase of a 1978 Ford Fairmont. Barrington Ford is a franchised Ford dealer located in Columbus, Georgia, and incorporated under the laws of the State of Georgia. It is undisputed that both the negotiations for the purchase of the automobile and the ultimate execution of the contract took place in Columbus, Georgia.
On February 5, 1980, appellant filed a complaint in the Circuit Court of Chilton County seeking damages from Barrington Ford for fraud, deceit and breach of warranty in connection with the sale of the automobile. Barrington Ford filed a motion to dismiss the complaint, alleging inter alia, that it was not a resident of the State of Alabama, does not purport to do business in Alabama, has no knowledge of goods moving from its location in the State of Georgia into or through Alabama and has no minimum contacts with the State of Alabama which might subject it to service of process by any "long arm" statute. The trial court granted Barrington Ford's motion to dismiss but later amended its order to allow plaintiff/appellant Williams to amend his complaint. Appellant filed an *Page 904 
amended complaint, but did not attach to his amended complaint any documents in support of it. Barrington Ford again responded with a motion to dismiss on the ground that the court lacked jurisdiction. The trial court granted this motion, finding that there were lacking sufficient minimum contacts between Barrington Ford and the State of Alabama on which it could base jurisdiction. We affirm.
In DeSotacho, Inc. v. Valnit Industries, Inc., 350 So. 447
(Ala. 1977), this Court recognized that the issue of jurisdiction pursuant to "long-arm" statutes poses a federal question of whether subjection of a non-resident corporation to the jurisdiction of Alabama courts comports with federal due process. In addition, the Court quoted the following language from McGee v. International Life Insurance Co., 355 U.S. 220,78 S.Ct. 199, 2 L.Ed.2d 223 (1957):
 "Since Pennoyer v. Neff, 95 U.S. 714 [5 Otto 714], 24 L.Ed. 565, this Court has held that the Due Process Clause of the Fourteenth Amendment places some limit on the power of state courts to enter binding judgments against persons not served with process within their boundaries. But just where this line of limitation falls has been the subject of prolific controversy, particularly with respect to foreign corporations. In a continuing process of evolution this Court accepted and then abandoned `consent,' `doing business,' and `presence' as the standard for measuring the extent of state judicial power over such corporations."
That line of limitation was drawn in International Shoe Co. v.Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The Court stated that
 [D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."
Appellant argues that minimum contacts are present in this case sufficient to maintain a suit in the judicial system of Alabama; however, no documentary evidence in support of appellant's argument is contained in the record made in the circuit court proceedings.[1] Argument alone will not sustain a finding of in personam jurisdiction. We must affirm.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.
[1] Under Rule 10 (f), Alabama Rules of Appellate Procedure, "if anything material to either party is omitted from the record by error or accident," the appellate court may order the trial court to supplement the record with the necessary documents. On May 29, 1981, this Court ordered the clerk of the circuit court to supply relevant materials concerning the amended complaint of appellant, being copies of records of the Commissioner of Revenue of the State of Alabama which show that Barrington Ford remitted use taxes to the State of Alabama in the amount of $47,540.98 for the period April 1, 1979, through March 31, 1980. On June 2, 1981, the clerk replied that the above documents were not attached to the amended complaint filed June 17, 1980; he also responded that a motion for correction of the record under Rule 10, ARAP, was filed on March 17, 1981, and then upon hearing the motion, Judge Hayden denied this motion because the attorney stated he did not attach the documents to the amended complaint. Because the documents were not produced as evidence at the trial level, we cannot consider them on appeal.