I
Plaintiff, Dewayne Cagle, appeals from the trial court's order of dismissal based upon a lack of in personam
jurisdiction over defendant. We reverse.
Defendant, Williams S. Lawson, is a Mississippi resident and is licensed to practice law in that state. He agreed with Lanny Vines, an Alabama attorney, to aid in the prosecution, in Mississippi, of a personal injury suit on behalf of Dewayne Cagle, an Alabama resident. Allegedly at Lawson's urging, Cagle fired Vines and contracted with Lawson for representation in said suit. This occurred while Lawson was in Alabama for the purpose of conferring with Cagle regarding his lawsuit.
Cagle now sues Lawson for fraud, misrepresentation, professional negligence, and breach of warranties in connection with that contract and in connection with Lawson's prosecution of Cagle's claim. *Page 565 
 II
The issue before this court is whether this state can securein personam jurisdiction over Lawson. Lawson contends that this factual situation does not meet the "minimum contacts" mandate of Rule 4.2 (a)(2)(I), ARCP. That rule provides:
 "(2) Sufficient Contacts. A person has sufficient contacts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person's
". . . .
 "(I) otherwise, having some minimum contacts with this state and, under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action. The minimum contacts referred to in this subdivision (I) shall be deemed sufficient, notwithstanding a failure to satisfy the requirement of subdivisions (A)-(H) of this subsection (2), so long as the prosecution of the action against a person in this state is not inconsistent with the constitution of this state or the Constitution of the United States."
Recently, in View-All, Inc. v. United Parcel Service,435 So.2d 1198 (Ala. 1983), this court, quoting Professor Moore, summarized the correct constitutional requirements in this area:
 "`The first requirement is that there must be some minimum contact with the state which results from an affirmative act of the defendant. But it is not necessary that the defendant have been in the state or that it have had agents there. . . .
 "`In addition to some minimum contact with the state, it must be fair and reasonable to require the defendant to come into the state and defend that action. . . . [I]n determining what is fair and reasonable, the court may consider factors associated with the doctrine of forum non conveniens, but need not give them overriding importance. . . .
 "`Based as they are on notions of fairness and reasonableness, the Supreme Court decisions do not permit a simple generalization of the rule pertaining to in personam jurisdiction over foreign corporations. . . .
 "`If there are substantial contacts with the state, for example a substantial and continuing business, and if the cause of action arises out of the business done in the state, jurisdiction will be sustained. If there are substantial contacts with the state, but the cause of action does not arise out of these contacts, jurisdiction may be sustained. But if there is a minimum of contacts, and the cause of action arises out of the contacts, it will normally be fair and reasonable to sustain jurisdiction. If there is a minimum of contacts and the cause of action does not arise out of the contacts, there will normally be no basis of jurisdiction, since it is difficult to establish the factors necessary to meet the fair and reasonable test.'
 "2 J. Moore, Federal Practice, Para. 4.25, pp. 4-258 through 4-267 (2d Ed. 1982)."
435 So.2d at 1201.
Where, as here, there is a minimum of contacts, and the cause of action arises out of the contacts, we consider the quality and nature of the activity in this state in order to determine whether maintenance of the suit will offend "traditional notions of fair play and substantial justice." Williams v.Barrington Ford, 402 So.2d 903 (Ala. 1981). Also relevant are the foreseeability by the defendant of being sued in Alabama as a result of his activity in this state and the level of inconvenience to the defendant in defending the suit.
The nature of the transaction here presented indicates Lawson had sufficient "minimum contacts" with Alabama to make it reasonable to require him to defend this action in an Alabama forum. The parties agree Lawson made four visits to Alabama to confer with Cagle concerning the personal injury suit filed on his behalf in Mississippi. Cagle's complaint alleges a contract was entered into as a result of one of those visits. He contends Lawson made *Page 566 
a number of fraudulent representations during that visit regarding Vines's inability to pursue a personal injury action successfully before a Mississippi court. Lawson, by deposition, states he provided legal representation for Cagle after Vines had returned Cagle's file to Cagle. He alleges, however, that he assumed Vines was still involved with the case.
Cagle presented evidence, also by deposition, that Lawson contacted him by phone and by mail in Alabama on a number of occasions for the purpose of communicating regarding the lawsuit filed in Mississippi.
There is evidence that Lawson solicited a client in Alabama and that he provided a service which involved frequent trips to Alabama and communications with his client in Alabama. Under this particular factual situation, we think Lawson could surely anticipate falling within this state's jurisdiction. The foreseeability is critical to our analysis. Hoffman v.Chandler, 431 So.2d 499 (Ala. 1983).
Furthermore, it is relevant that defending this suit in Alabama will not provide a substantial inconvenience to Lawson.Semo Aviation, Inc. v. Southeastern Airways Corp.,360 So.2d 936 (Ala. 1978). The suit was filed in Winston County, Alabama. Double Springs is the seat of Winston County. Lawson resides in Tupelo, Mississippi. We judicially note that Tupelo and Double Springs are approximately 75 miles apart. We find that distance not so great as to substantially inconvenience Lawson as defendant.
Because of the quality and nature of Lawson's activities in Alabama, the resultant foreseeability by Lawson of being required to defend an action in this state, and the lack of inconvenience of travel between Lawson's home and Double Springs, Alabama, we are convinced it is reasonable to require Lawson to defend this action in Alabama. We therefore hold that Lawson did have the requisite minimum contacts with Alabama necessary to permit the assertion of this state's jurisdiction over him. The case is due to be, and it is, hereby, reversed and remanded for proceedings in accordance with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.