In 1983, John Schuessler and Morgan Schuessler (the Schuesslers) filed a complaint alleging that certain individuals trespassed on their tract of land in Randolph County and cut trees and timber there in 1982. The Schuesslers demanded judgment against these individuals in the amount of $10,000. The second count of the complaint requested that the trial court award the statutory penalty pursuant to § 35-14-1, Code 1975.
In February 1984, the trial court issued a judgment which stated that the Schuesslers had reached an agreement with Pate Ross, the pulpwooder who actually cut the timber, and, therefore, the trial court awarded judgment against Pate Ross in the amount of $2,000. The trial court also stated that "the defendants Mauella [sic] Beasley and Texanna Stitt filed no response to the complaint" (emphasis added), and default judgment was entered against each of them. The trial court awarded judgment against "Mauella" Beasley and Texanna Stitt in the amount of $10,000. *Page 552 
The judgment against Texanna Stitt was settled, and a release of claims and satisfaction of judgment was entered. Manuella Beasley filed a motion to set aside the judgments. The motion was granted because service was never perfected on her in her proper name.
The Schuesslers filed a motion to add Manuella Beasley (Beasley) as party defendant. Beasley filed a response to this motion for the limited purpose of contesting jurisdiction. The motion was granted, and Beasley was served by certified mail. Beasley filed a motion to dismiss wherein she alleged that she was a resident and citizen of Chicago, Illinois, and had no connection whatsoever with Alabama which would allow Alabama courts jurisdiction of her. She also alleged that the satisfaction of judgment previously obtained was a release of joint tortfeasors and barred this action against her. The motion to dismiss was denied.
Beasley filed an answer alleging essentially the same matters raised in her motion to dismiss and further alleged that Pate Ross was an independent contractor and there existed no principal-agent relationship between them.
A hearing was held on the case. The trial court entered judgment against Beasley in the amount of $5,500. Beasley's post-trial motion was denied. Beasley appeals.
The dispositive issue on appeal is whether it was proper for the trial court to exercise personal jurisdiction over Beasley. Beasley contends that the Alabama court did not have personal jurisdiction over her because she is a resident and citizen of the State of Illinois and has no connection whatsoever with the State of Alabama.
Rule 4.2(a) of the Alabama Rules of Civil Procedure (A.R.Civ.P.) provides that, if a person has sufficient contacts with the state, there exists an appropriate basis for the Alabama courts to exercise in personam jurisdiction over that individual. Rule 4.2(a)(2)(A)-(I), A.R.Civ.P., provides nine situations under which in individual would be considered to have sufficient contact with Alabama. Rule 4.2(a)(2) also provides that an individual has sufficient contacts under these nine circumstances when either "acting directly or by agent."
The Schuesslers maintain that the trial court properly exercised personal jurisdiction over Beasley pursuant to subsections (A), (C), (F), and (I) of Rule 4.2(a)(2), A.R.Civ.P. The Schuesslers contend that the undisputed evidence demonstrated that (1) Beasley was transacting business in Alabama because she sold timber in the state; (2) Pate Ross, who was hired to cut the timber, caused tortious injury or damage to the Schuessler property; (3) Beasley had an interest in real property in Alabama because she was being compensated for timber cut and removed from land in Randolph County; and (4) Beasley established minimal contact with Alabama when she accepted a check for the sale of timber in Alabama.
The Alabama Supreme Court has previously held that, for the Alabama courts to exercise personal jurisdiction over an individual, he must have some minimum contact with the state which has resulted from some affirmative act on the part of that individual. Cagle v. Lawson, 445 So.2d 564 (Ala. 1984). Further, it must be fair and reasonable to require such individual to come to Alabama to defend such an action. Cagle,445 So.2d 564.
If a cause of action has arisen from the minimum contacts with the state by the nonresident, then the courts must determine whether the assumption of jurisdiction will offend "traditional notions of fair play and substantial justice."Cagle, 445 So.2d at 565. See also, Brick Warehouse, Ltd. v.Sunshine Homes, Inc., 481 So.2d 860 (Ala. 1985); Brooks v.Inlow, 453 So.2d 349 (Ala. 1984). In determining such, the courts should consider the nature and quality of the individual's activity in the state, the foreseeability of a cause of action resulting from such activity, and how much inconvenience the individual would experience. Cagle,445 So.2d 564.
In this case, Manuella Beasley and her husband, Leon Beasley, along with several other individuals, conveyedall of their *Page 553 
interest in the property in Randolph County to Texanna Stitt in 1974. The Schuesslers contend that Beasley had an interest in real property in Alabama because she was being compensated for timber cut in Randolph County. Though the evidence indicates that Manuella Beasley received a check for $344.69 from Cleveland Forest Products, Inc. of Anniston, Alabama, there is no showing of why she received it other than by direction of a Mrs. Poole. Her relation with Mrs. Poole is not disclosed. The burden of establishing by the evidence the jurisdiction of the court over Beasley was upon the plaintiff. Tetco Metal Products, Inc. v. Langham, 387 F.2d 721
(5th Cir. 1968). That burden was not carried.
The Schuesslers further contend that Beasley was transacting business in Alabama when she sold timber by and through her agent, Pate Ross, who had been hired to cut the timber and that Pate Ross caused tortious injury or damage to the Schuessler property while in the line and scope of his duties as agent. From our review of the record, we find that there was no evidence presented to establish that Pate Ross was acting under either a principal-agent relationship or a master-servant relationship with Manuella Beasley.
Pate Ross testified that he was an independent contractor in 1982 when a Mrs. Poole hired him to cut some timber and instructed him to make the checks payable to Texanna Stitt and Manuella Beasley. Ross testified that he did not know Manuella Beasley and had never had any contact or conversation with her. There was no evidence presented to indicate that Mrs. Poole retained Ross's services on behalf of Manuella Beasley.
The timber which Ross was hired to cut was located on property adjacent to the Schuessler property. Ross testified that Booker Boyd, acting on behalf of the Schuesslers, showed him where the property lines were and that he only cut where Boyd had shown him to cut.
The party that alleges the existence of an agency relationship has the burden of producing sufficient evidence to prove the existence of such a relationship. Wood v. ShellOil Co., 495 So.2d 1034 (Ala. 1986). When a party seeks to recover under the theory of respondeat superior, that party must establish the existence of a master-servant relationship and that the act which is the basis of the lawsuit was in the line and scope of the servant's duties. Naber v. McCrory Sumwalt Construction Co., 393 So.2d 973 (Ala. 1981).
We find that the Schuesslers failed to produce evidence to establish the existence of either a principal-agent relationship or a master-servant relationship between Manuella Beasley and Pate Ross. Consequently, we cannot find that Beasley had sufficient contact with the state to subject her to the jurisdiction of the Alabama courts due to the actions of Pate Ross.
Finally, the Schuesslers maintain that Beasley established minimal contact with the state, sufficient to subject her to the jurisdiction of our courts, when she accepted a check for the sale of timber in Alabama. The evidence establishes that the only action taken on the part of Beasley was accepting a check from Cleveland Forest Products, Inc. Such action, without more, is insufficient for the Alabama courts to assume jurisdiction without offending "traditional notions of fair play and substantial justice." Cagle, 445 So.2d at 565. There is absolutely no evidence to connect Beasley with the state other than the receipt of this check. There is no indication that she could foresee being brought into court in Alabama due to her acceptance of this check.
Beasley did not raise as an issue on appeal the fact that a judgment against joint tortfeasors entered in February 1984 had been satisfied prior to the entry of the judgment against her.
After reviewing the evidence presented and on the basis of the authorities cited, we hold that Manuella Beasley was not subject to the personal jurisdiction of the Alabama courts. The order of the trial court dated February 17, 1987, is hereby reversed because the trial court was without jurisdiction to issue such an order, and this cause is remanded. *Page 554 
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.