**WEST AFRICA TRADING & SHIPPING CO. et al., Plaintiffs,**

v.

**LONDON INTERNATIONAL GROUP, et al., Defendants.**

**Civil Action No. 95–612(WHW).**

United States District Court,
D. New Jersey.

June 14, 1997.

James T. Shirley, Jr., Haight, Gardner, Poor and Havens, New York City, for Columbia Shipmanagement Ltd.

Peter Rosen, Rosen & Avigliano, P.A., Randolph, NJ, for West Africa Trading and Shipping Co., Inc.

## OPINION

Walls, District Judge.

This matter comes before the Court upon defendant Columbia Shipmanagement Ltd.'s ("Columbia") motion to dismiss on the ground that this Court does not have personal jurisdiction over it pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. The Magistrate Judge has entered a Report and Recommendation recommending that this Court grant Columbia's motion to dismiss for lack of personal jurisdiction. Plaintiff West Africa filed timely objections to the Report and Recommendation. For the reasons discussed below, this Court denies Columbia's motion for dismiss and grants plaintiff West Africa Trading and Shipping Corporation's ("West Africa") motion for jurisdictional discovery.

## *BACKGROUND*

This action involves claims for damages arising from the sinking of an ocean freight-

er, the Aquila, which was carrying a cargo of salt while on voyage between two ports in Africa. Plaintiff West Africa is a New Jersey corporation which arranges for the shipment of goods with the terminal destination generally being West Africa. Columbia, a Cypriot corporation, provides ship management services, including crews to vessel owners. Columbia's sister company, Columbia Netherlands, a separate corporate entity, provided the crew for the Aquila and managed the ship under an agreement with its owner Seasprint Navigation Co. Ltd. Columbia seeks dismissal solely on the basis of lack of personal jurisdiction even though it alleges that it played no role in managing the Aquila.

In his Report and Recommendation, the Magistrate Judge recommends that this Court grant Columbia's motion to dismiss and deny West Africa's application for additional discovery because plaintiff has failed to prove that defendant has sufficient minimum contacts with New Jersey to support this Court's exercise of personal jurisdiction over the defendant. (Report & Recommendation at 6–7). He finds that plaintiff has failed to establish the existence of specific jurisdiction because the negligent conduct it complains of occurred outside of the United States and does not involve any action committed by Columbia in New Jersey. He further concludes that there is no general jurisdiction because Columbia's only contact with New Jersey is when its managed vessels might call at state ports at the behest and for the benefit of others.

In addition, the Magistrate Judge rejects plaintiffs claim that personal jurisdiction could be established pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure. Rule 4(k)(2) permits the exercise of personal jurisdiction over foreign defendants "with respect to claims arising under federal law" if the defendant has contacts sufficient with the nation as a whole to warrant the imposition of United States' law but which are insufficient to satisfy the due process concerns of any particular state's long arm statute. The Magistrate Judge holds that the Rule does not apply in this action because it "has never been held to apply to other than federal question cases." Report and Recommenda-

tion at 7 n. 3 (citing *Eskofot v. E.I. Du Pont De Nemours & Co.*, 872 F.Supp. 81, 87 (S.D.N.Y.1995)). He also notes that "general maritime claims are not federal question claims." *Id.* at 6 n. 3 (citing *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 367, 79 S.Ct. 468, 477, 3 L.Ed.2d 368 (1959)).

This Court agrees that plaintiff has not satisfied its burden of establishing a prima facie case of personal jurisdiction under New Jersey law. However, upon review, this Court finds that Rule 4(k)(2) is applicable and grants plaintiffs motion for jurisdictional discovery.

## DISCUSSION

### A. *Standard of Review*

The court must review de novo those portions of the magistrate judge's report and recommendation to which an objection is made. *See* 28 U.S.C. § 636(b)(1)(B); *National Labor Relations Board v. Frazier*, 966 F.2d 812, 816 (3d Cir.1992). While the magistrate judge's findings are not protected by the clearly erroneous standard, a *de novo* review does not indicate that a second evidentiary hearing is required. *See United States v. Raddatz*, 447 U.S. 667, 676, 100 S.Ct. 2406, 2412–13, 65 L.Ed.2d 424 (1980). A district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

### B. *Analysis*

Plaintiff objects to the Report and Recommendation on the grounds that defendant has sufficient contacts with New Jersey and the United States as a whole for this Court to exercise personal jurisdiction over it, specifically claiming that defendant's admission that its managed vessels do from time to time call on U.S. ports is sufficient to confer Rule 4(k)(2) jurisdiction. Plaintiff also urges that this Court defer ruling on the motion until jurisdictional discovery has been conducted. Upon reviewing the Magistrate Judge's findings *de novo*, this Court finds that he correctly determined that defendant lacked sufficient contacts with New Jersey to support exercising personal jurisdiction over

de'endant. Therefore, this Court will now determine if this defendant is subject to the jurisdiction of Rule 4(k)(2):

> If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service is also effective, with respect to claims arising under federal law, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state.

Fed.R.Civ.P. 4(k)(2).

■ The rule was adopted to close a gap in federal court jurisdiction. As the Advisory Committee on Civil Rules explains:

> Under the former rule, a problem was presented when the defendant was a non-resident of the United States having contacts with the United States sufficient to justify the application of United States law and to satisfy federal standards of forum selection, but having insufficient contact with any single state to support jurisdiction under the state long-arm legislation or meet the requirements of the Fourteenth Amendment limitation on state court territorial jurisdiction.

Thus, Rule 4(k)(2) extends personal jurisdiction over foreign defendants for claims arising under federal law if that person is not subject to personal jurisdiction in any state but has sufficient contacts with the nation as a whole to justify the imposition of the laws of the United States. *See World Tanker Carriers Corp. v. M/V YA MAWLAYA,* 99 F.3d 717 (5th Cir.1996); 4 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1069 (Supp.1996).

■ In determining that Rule 4(k)(2) applies only to federal question cases, the Magistrate Judge relied upon the expression of *Eskofot v. E.I. Du Pont De Nemours & Co.,* 872 F.Supp. 81, 87 (S.D.N.Y.1995), which held that "Rule 4(k)(2) only provides federal courts with personal jurisdiction over a foreign defendant in federal question cases." *Id.* at 87. *The Eskofot* court, however, cited no legal authority for its observation. Other courts which have decided this issue, including the Court of Appeals for the Fifth Circuit and a district court within this circuit, have

determined that Rule 4(k)(2) applies to any federal action, including admiralty and maritime actions. *See World Tanker,* 99 F.3d at 720; *Western Equities, Ltd. v. Hanseatic Ltd.,* 956 F.Supp. 1232, 1235 (D.VI.1997); *United Trading Co., S.A. v. M.V. Sakura Reefer,* 1996 WL 374154 (S.D.N.Y. July 2, 1996).

Based upon its reading of the Rule and relevant caselaw, this Court finds that Rule 4(k)(2) applies to all federal actions, not only those arising under federal question jurisdiction. Neither the text of Rule 4(k)(2) nor the accompanying Advisory Committee Notes restricts the Rule's application. *See World Tanker,* 99 F.3d at 721; *Western Equities,* 956 F.Supp. at 1235. As the Fifth Circuit observed in *World Tanker,* "the Rule indicates that it applies to 'all claims arising under federal law,' the plain meaning of which incorporates all substantive federal law claims." *Id.* at 720. It says what it says. Consistent with this, the notes of the Advisory Committee discuss the Rule's application to federal law in a broad substantive sense rather than referring only to federal question jurisdiction. *Id.* at 721. For example, the Advisory Committee Notes explain that the rule "authorizes the exercise of territorial jurisdiction over the person of any defendant against whom is made a claim arising under any federal law if that person is subject to personal jurisdiction in no state." As the Fifth Circuit has analyzed, the use of the qualifier "any" before the term "federal law" "suggests that the Advisory Committee intended Rule 4(k)(2) to reach not just federal question cases ... but all claims arising under substantive federal law." *Id.* The Advisory Committee also describes federal law as substantive law distinct from state law by providing that "this narrow extension of the federal reach applies only if a claim is made against the defendant under federal law. It does not establish personal jurisdiction if the only claims are those arising under state law or the law of another country." Clearly, if the Committee had intended to limit the Rule's application to federal question cases, it would have excluded admiralty and diversity matters as it did state law and foreign claims. *Id. M.V. Sakura Reefer,* 1996 WL

374154 at \*4. Accordingly, this Court finds that the Rule applies to any claims brought under substantive federal law.

■ This Court also finds that admiralty and maritime claims are subject to Rule 4(k)(2) because they are widely considered as arising under federal law except for limited circumstances not applicable to this action. *See. e.g.. Yamaha Motor Corp. v. Calhoun*, —— U.S. ——, —— n. 8, 116 S.Ct. 619, 626 n. 8, 133 L.Ed.2d 578 (1996) (referring to "the federal cast" of admiralty law; *Sosebee v. Rath*, 893 F.2d 54, 56 (3d Cir.1990); *Youell v. Exxon Corp.*, 74 F.3d 373, 376 (2d Cir.1996). Although the Magistrate Judge relied upon *Romero* for the proposition that admiralty and maritime claims are not federal claims, the Court does not find that it is persuasive precedent.

In *World Tanker*, the Fifth Circuit found that the district court had relied erroneously on *Romero in* concluding that federal law did not incorporate admiralty law. The Supreme Court in *Romero* had rejected the argument that all cases arising under admiralty common law necessarily arise under federal question jurisdiction. In its analysis, the Fifth Circuit found that while *Romero* was of procedural importance in the context of removal jurisdiction and the right to a jury trial, it was not persuasive precedent for the principle that general maritime law does not arise under federal law. *Id.* at 722. And that appellate court observed that *the Romero* opinion itself refers repeatedly to federal maritime law, "accepting uncritically the idea that the general maritime law constitutes our national law" and that "the Supreme Court has long recognized the federal nature of maritime law." *World Tanker*, 99 F.3d at 720 (citing *Southern Pacific Co. v. Jensen*, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086 (1917)).

The understanding that maritime law is essentially federal derives from the Constitution. Article III, § 2, cl. 1 ordains the judicial power of the federal sovereign to extend to "all Cases of admiralty and maritime Jurisdiction." Congress implemented that power by enacting the Judiciary Act of 1789. *See id.* Today, 28 U.S.C. § 1333 allows that "district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." Such "allocates to the federal courts the power to hear any matter which is in admiralty, regardless of the existence of any federal statute creating the maritime right, diversity of citizenship, or the minimum amount in controversy." *Id.* at 723 (citing Frank L. Maraist, Admiralty 10 (3d ed.1996)). State courts have subject matter jurisdiction concurrent with federal courts, over most maritime matters. *Id.* at 723 (citing Maraist at 10–11). In *World Tanker*, the Fifth Circuit recognized that "application of the substantive law of that state with the most significant relationship to the controversy is appropriate only when the 'maritime but local' doctrine applies; that is, when the matter is maritime in nature but there is neither an applicable federal statute governing the claim nor a perceived need for uniformity of maritime law." *Id.* (citing Maraist at 12). That Court concluded that the substantive maritime law of the United States is federal law except when the "maritime but local" doctrine applies and heeded the Supreme Court's determination that development of a "uniform national maritime law" was essential. *World Tanker*, 99 F.3d at 723 (citing *Southern Pacific*, 244 U.S. at 217, 37 S.Ct. at 529 (stating that the Constitution was designed to establish uniformity in maritime matters)).

■ Recognizing the sound reasoning of the Fifth Circuit and other courts, this Court agrees that general maritime law arises under federal law unless the maritime but local doctrine applies. Accordingly, Rule 4(k)(2) applies to admiralty claims. Under it, the exercise of personal jurisdiction is still subject to the Fifth Amendment's requirement that there exist sufficient minimum contacts to comport with the due process requirements of fair play and substantial justice. See 4 Charles A. Wright & Arthur Miller § 1069 (1996 Supp). "To determine whether a non-resident defendant has transacted business sufficient to allow exercise of jurisdiction under the federal long-arm statute, a court must first determine whether the de-

fendant has engaged in purposeful activity in the United States, thus invoking the benefits and protection of United States' law." *Western Equities*, 956 F.Supp. at 1237; *United Trading Co., S.A. v. M.V. Sakura Reefer*, 1996 WL 374154 at *4 (S.D.N.Y.1996).

■ Here, according to Columbia, its contacts with the United States are restricted to the management of vessels which may occasionally call at United States ports at the behest of and for the benefit of other parties. That it lacks control over what ports its managed ships call on weighs against exercising personal jurisdiction. *See Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 787 (5th Cir. 1990) (concluding that approximately twenty calls over a four-year period at ports in the forum state, by ships managed by the defendant, were insufficient to establish personal jurisdiction when the defendant did not choose the ports of call). In response to defendant's motion, plaintiff West Africa sought jurisdictional discovery to determine if there are sufficient contacts between Columbia and the United States. In his Report and Recommendation, the Magistrate Judge found that such discovery was not warranted because Columbia lacked sufficient contacts with New Jersey. Jurisdictional discovery is ordinarily appropriate to further examine a defendant's ties with a forum state unless plaintiffs request is clearly frivolous. *See. e.g.. American Centennial Ins. Co. v. Handal*, 901 F.Supp. 892, 899 (D.N.J.1995); *Compagnie des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances*, 723 F.2d 357, 362 (3d Cir.1983). This Court finds that plaintiffs request for jurisdictional discovery is critical to the determination of whether we may exercise personal jurisdiction over the defendant. Accordingly, this Court grants plaintiffs request for jurisdictional discovery and denies defendant's motion to dismiss.

### CONCLUSION

For the reasons stated, the Court rejects the Report and Recommendation of the Magistrate Judge and denies defendant's motion to dismiss without prejudice.

### ORDER

Before the Court are a Report and Recommendation of the Magistrate Judge recommending that this Court grant Defendant Columbia Shipmanagment's motion to dismiss for lack of personal jurisdiction. Plaintiff West Africa has filed an objection to the Report and Recommendation.

After reviewing the Report and Recommendation and all papers submitted by the parties,

On this 17th day of June 1997,

the Court **rejects the Report and Recommendation;**

**denies** defendant's motion to dismiss; and

**grants** plaintiffs request for jurisdictional discovery.