HARWOOD, Justice.
Mark Wayne Gregory petitions this Court for a writ of mandamus directing the Colbert Circuit Court to grant his motion for a summary judgment based on an assertion of lack of personal jurisdiction. We grant the petition and issue the writ.

Facts and Procedural History

Fifteen-year-old Erin Lennartz accompanied her friend, Allie Joiner, and Allie’s parents, Robert and Kim Joiner, of Florence, Alabama, on a trip to Colorado. During the course of the trip they spent several days as guests of Kim’s parents, Mark Wayne Gregory (“Gregory”) and Brenda E. Gregory, at their “second home” in Lake City, Colorado. The Greg-orys’ principal home is in Tennessee where they have lived continuously for at least the last 15 years. During that same 15-year period, Gregory, a 65-year-old retired civil engineer, has neither lived nor worked nor done any business in Alabama. On July 5, 2004, Gregory allowed Erin, accompanied by Allie as her passenger, to operate a four-wheel all-terrain motor vehicle owned by Gregory, despite the facts that Erin had never operated the vehicle by herself and that she was not wearing a helmet. Erin lost control of the vehicle and it wrecked, causing Erin to sustain a head injury. She received medical treatment in Colorado and subsequently returned to Alabama where she received additional treatment.
Erin and her parents, Catherine J. Len-nartz and Richard Lennartz, all residents of Alabama, sued the Joiners and Gregory in the Colbert Circuit Court alleging negligence or wantonness in entrusting the all-terrain vehicle to Erin, allowing her to operate it, supervising her, and failing to provide her with, or requiring her to wear, a helmet. The-parents claim damages for medical expenses incurred and for the loss of Erin’s services; the nature of Erin’s own claim for damages is not explained by the parties’ submissions to this Court. The complaint acknowledged that Gregory was a resident of Tennessee and that the accident had occurred in Colorado.
Gregory timely answered the complaint, asserting, among other things, that the court lacked personal jurisdiction over him. On September 30, 2005, Gregory moved for a summary judgment on the basis that the court did not have personal jurisdiction over him, given that he was a resident of Tennessee and that the accident occurred in Colorado.[1] The motion was supported by an affidavit from Brenda E. Gregory attesting to her husband’s 15-year continuous residency in Tennessee and his lack of contact with Alabama (also explaining that at the time she provided the affidavit he was in Venezuela working with a missionary, necessitating that she provide the facts in question).
The Lennartzes filed their opposition to Gregory’s summary-judgment motion, asserting (1) that the motion should either be continued or denied pending response by Gregory to interrogatories and document-production requests previously served on him by the Lennartzes and (2) that personal jurisdiction was sustainable as to Grego *388 ry because it should have been foreseeable to him that the harm he caused Erin would ultimately have consequences in the State of Alabama. With respect to the unanswered discovery, counsel for the Len-nartzes submitted an affidavit, attaching to it as exhibits a copy of the subject interrogatories and production requests filed two months earlier, asserting that the information sought by the discovery was “essential in order to adequately oppose” the summary-judgment motion. With respect to the “foreseeable consequences in Alabama,” the Lennartzes identified only the medical expenses ultimately incurred there and the loss of Erin’s services. The trial judge denied Gregory’s motion for a summary judgment.
Gregory petitioned this Court for a writ of mandamus on January 3, 2006. Thereafter, on February 21 the Lennartzes filed a motion with the trial court to compel Gregory’s responses to their pending discovery; that motion was granted on February 24. We ordered answer and briefs in the mandamus proceeding. The Len-nartzes filed their “Answer” and separate “Response” on March 27 and Gregory filed his response to their answer on April 6.

Analysis

“[A] petition for a writ of mandamus is the proper device by which to challenge the denial of a motion to dismiss for lack of in personam jurisdiction. See Ex parte Mclnnis, 820 So.2d 795 (Ala.2001); Ex parte Paul Maclean Land Servs., Inc., 613 So.2d 1284, 1286 (Ala.1993). ‘ “An appellate court considers de novo a trial court’s judgment on a party’s motion to dismiss for lack of personal jurisdiction.”’ Ex parte Lar grone, 839 So.2d 620, 623 (Ala.2002) (quoting Elliott v. Van Kleef 830 So.2d 726, 729 (Ala.2002)). Moreover, ‘[t]he plaintiff bears the burden of proving the court’s personal jurisdiction over the defendant.’ Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir.2002). See also Beasley v. Schuessler, 519 So.2d 551, 553 (Ala.Civ.App.1987); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1351 (2d ed.1990).
[[Image here]]
“ ‘A physical presence in Alabama is not a prerequisite to personal jurisdiction over a nonresident.’ Sieber v. Campbell, 810 So.2d 641, 644 (Ala.2001). What is required, however, is that the defendant have such contacts with Alabama that it ‘ “should reasonably anticipate being haled into court [here].” ’ Dillon Equities v. Palmer & Cay, Inc., 501 So.2d 459, 462 (Ala.1986) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).
“Depending on the quality and quantity of the contacts, jurisdiction may be either general or specific. Leventhal v. Harrelson, 723 So.2d 566, 569 (Ala.1998). ‘General jurisdiction applies where a defendant’s activities in the forum state are “substantial” or “continuous and systematic,” regardless of whether those activities gave rise to the lawsuit.... A court has specific jurisdiction when a defendant has had few contacts with the forum state, but those contacts gave rise to the lawsuit.’ Id.
“But regardless of whether jurisdiction is alleged to be general or specific, the nexus between the defendant and the forum state must arise out of ‘ “an action of the defendant [that was] purposefully directed toward the forum State.” ’ Elliott, supra, 830 So.2d at 731 (quoting Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102, 112, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)).”
*389 Ex parte Dill, Dill, Carr, Stonbraker & Hutchings, P.C., 866 So.2d 519, 525 (Ala.2003).
Other cases emphasizing the requirement that the conduct of the defendant giving rise to the action be purposefully directed at the forum state include Ex parte United Ins. Cos., 936 So.2d 1049 (Ala.2006); Ex parte Covington Pike Dodge, Inc., 904 So.2d 226 (Ala.2004); Ex parte Georgia Farm, Bureau Mut. Auto. Ins. Co., 889 So.2d 545 (Ala.2004); Ex parte Alloy Wheels Int’l, Ltd., 882 So.2d 819 (Ala.2003); Ex parte Troncalli Chrysler Plymouth Dodge, Inc., 876 So.2d 459 (Ala.2003); Elliott v. Van Kleef, 830 So.2d 726 (Ala.2002); and Sudduth v. Howard, 646 So.2d 664 (Ala.1994).
Although the Lennartzes undertake to defend on the merits the trial court’s ruling rejecting Gregory’s jurisdictional challenge, they also contend that the ruling should be upheld based on the following three procedural considerations.
The Lennartzes argue that Gregory’s motion for a summary judgment did not contain “a narrative summary of what the movant contends to be the undisputed material facts” as required by Rule 56(c)(1), Ala. R. Civ. P., which omission, they say, warranted denial of the motion. Gregory’s motion relied on the facts stated by the complaint — that he was a resident of Tennessee and that the accident occurred in Colorado — and on his wife’s affidavit stating that the couple had lived continuously in Tennessee for at least the last 15 years and that Gregory had not lived, worked, or done any business in the State of Alabama during that period. Her affidavit reaffirmed that the accident occurred in Colorado. In George v. Raine, 895 So.2d 258, 261-62 (Ala.2004), this Court held that an affidavit attached as an exhibit to a motion for a summary judgment could satisfy the Rule 56(c)(1) requirement for a narrative summary of what the movant contends to be the undisputed facts. In this case, the salient facts put forth by Gregory constituted a sufficient prima facie evidentiary showing that the court had no personal jurisdiction as to him. This Court has explained on several occasions that once a defendant makes a prima facie evidentiary showing that the court lacks personal jurisdiction over him, the plaintiff is then required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof. Ex parte Covington Pike Dodge, Inc., 904 So.2d at 230; Ex parte Unitrin, Inc., 920 So.2d 557 (Ala.2005); Ex parte United Ins. Cos., supra, 936 So.2d at 1053. Given the narrow and specific focus of Gregory’s summary-judgment motion, his wife’s affidavit suffices as a narrative summary of what he considers to be the undisputed material facts sufficient to satisfy Rule 56(c)(1).
The Lennartzes next argue that by seeking discovery from them through interrogatories and requests for production, Gregory invoked the judicial system of the State of Alabama sufficient to waive his jurisdictional challenge to their action. In support of this contention they cite only Martin v. Drummond Co., 663 So.2d 937 (Ala.1995). That case, however, is factually and procedurally inapposite, involving only a waiver by certain absent class members of any objections they might have had to the jurisdiction exercised over them by the Delaware Court in which the class action was pending, based on the inaction of those class members following various notices concerning the pendency of the class action, including notice of their discretionary right to opt out of the action. In addressing that situation, however, the Martin Court did note that a defendant might waive his right to object to a lack of jurisdiction over his person “by appearing *390 and not contesting the court’s jurisdiction,” given that Rule 12(h)(1), Ala. R. Civ. P., provides that “ ‘[a] defense of lack of jurisdiction over the person ... is waived (A) if omitted from a motion and the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule or included in a responsive pleading or an amendment thereof....’” 663 So.2d at 948. Gregory cannot be charged with such a waiver, however, because he timely presented his challenge to the exercise of personal jurisdiction in his answer to the complaint. See also Novak v. Bern, 896 So.2d 513, 520 (Ala.Civ.App.2004).
The Lennartzes’ final procedural argument in support of the trial court’s denial of Gregory’s summary-judgment motion is that the trial court acted within the discretion accorded it by Rule 56(f), Ala. R. Civ. P., because counsel for the Lennartzes opposed the motion with his affidavit made pursuant to Rule 56(e) asserting that Gregory’s responses to pending discovery were essential to the Len-nartzes’ ability to oppose the motion. We have before us both that affidavit and the combined set of interrogatories and document-production requests. The Len-nartzes now argue that they “should be allowed discovery” from Gregory, “especially on the issue of personal jurisdiction,” citing Ex parte United Ins. Cos., supra, and Ex parte Bufkin, 936 So.2d 1042 (Ala.2006).
In the earlier case of Ex parte Troncalli Chrysler Plymouth Dodge, Inc., supra, the Court concluded that a plaintiff, upon a sufficient showing, might be entitled to discovery in an attempt to prove that a defendant resisting personal jurisdiction was subject to it.
“ ‘ “It is well established that a ... • court has the power to require a defendant to respond to discovery requests relevant to his or her motion to dismiss for lack of jurisdiction.” ’ Andersen v. Sportmart, Inc., 179 F.R.D. 236, 241 (N.D.Ind.1998) (quoting Ellis v. Fortune Seas, Ltd., 175 F.R.D. 308, 311 (S.D.Ind. 1997)). ‘However, it is also well established that a plaintiff does not enjoy an automatic right to discovery pertaining to personal jurisdiction in every case.’ Id. ‘[T]o be permitted jurisdictional discovery, plaintiff must at least allege facts that would support a colorable claim of jurisdiction.’ Schenck v. Walt Disney Co., 742 F.Supp. 838, 840 n. 1 (S.D.N.Y. 1990) (emphasis added). See also Ellis v. Fortune Seas, Ltd., 175 F.R.D. 308, 312 (S.D.Ind.1997); Hansen v. Neumueller GmbH, 163 F.R.D. 471, 475 (D.Del.1995); Daval Steel Prods. v. M.V. Juraj Dalmatinac, 718 F.Supp. 159, 162 (S.D.N.Y.1989); Rich v. KIS California, Inc., 121 F.R.D. 254, 259 (M.D.N.C.1988).
“A request for jurisdictional discovery must offer the court ‘more than conjecture and surmise in support of [the] jurisdictional theory.’ Crist v. Republic of Turkey, 995 F.Supp. 5, 13 (D.D.C. 1998). ‘[The] standard is quite low, but a plaintiffs discovery request will nevertheless be denied if it is only based upon “bare,” “attenuated,” or “unsupported” assertions of personal jurisdiction, or when a plaintiffs claim appears to be “clearly frivolous.” ’ Andersen, 179 F.R.D. at 242.”
876 So.2d at 467-68. Thus, the discovery to which a plaintiff is entitled in such a situation is only discovery that is relevant to the issue of personal jurisdiction, and the plaintiff is entitled to that discovery only when the plaintiff has offered the court more than conjecture and surmise in support of the jurisdictional theory.
In both Ex parte United Insurance Cos. and Ex parte Bufkin, this Court found that the respective plaintiffs had satisfied the *391 Troncalli standard and were entitled to conduct discovery limited to the issue of personal jurisdiction before a dismissal for lack of personal jurisdiction could be allowed. The Court explained in Bufkin, after discussing the Troncalli standard:
“We embrace the rule applicable in such circumstance as expressed in Toys ‘R’ Us, Inc. v. Step Two, S.A, 318 F.3d 446, 456 (3d Cir.2003):
“ ‘Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, Pinker [v. Roche Holdings Ltd., 292 F.3d 361, 368 (3rd Cir.2002) ], courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiffs claim is “clearly frivolous.” Massachusetts School of Law at Andover, Inc. v. American Bar Ass’n, 107 F.3d 1026, 1042 (3d Cir.1997). If a plaintiff presents factual allegations that suggest “with reasonable particularity” the possible existence of the requisite “contacts between [the party] and the forum state,” Mellon Bank (East) PSFS, Nat’l Ass’n v. Farino, 960 F.2d 1217, 1223 (3d Cir.1992), the plaintiffs right to conduct jurisdictional discovery should be sustained.
“ ‘Where the plaintiff has made this required threshold showing, courts within this Circuit have sustained the right to conduct discovery before the district court dismisses for lack of personal jurisdiction. See, e.g., In re Automotive Refinishing Paint Antitrust Litigation, [No. 1426, July 31, 2002] (E.D.Pa. July 31, 2002) [not reported in F.Supp.2d] (denying motion to dismiss and permitting jurisdictional discovery where plaintiff made a “threshold prima facie showing of personal jurisdiction over Defendants”); W. Africa Trading & Shipping Co., et al. v. London Int'l Group, et al., 968 F.Supp. 996, 1001 (D.N.J.1997) (denying defendant’s motion to dismiss where the plaintiffs’ “request for jurisdictional discovery is critical to the determination of whether [the court can] exercise personal jurisdiction over the defendant.”); Centralized Health Systems, Inc. v. Cambridge Medical Instruments, Inc., [No. 89-3322, Nov. 8, 1989] (E.D.Pa. Nov. 8, 1989) [not reported in F.Supp.] (holding motion to dismiss in abeyance to permit party to take discovery on jurisdiction where distribution arrangement might satisfy minimum contacts).’ ”
936 So.2d at 1048.
The affidavit filed by the Lennartzes’ counsel did not argue or request that further or additional discovery directed toward the issue of jurisdiction be allowed; rather, it simply stated in a conclusory fashion that the information requested by the pending interrogatories and document-production requests was “essential in order to adequately oppose” Gregory’s summary-judgment motion. Rule 56(e), Ala. R. Civ. P., which allows for opposition to a properly supported summary-judgment motion by way of affidavits setting forth specific facts showing that there is a genuine issue of material fact, dovetails with Rule 56(f), which states:
“Should it appear from the affidavits of a party opposing the motion that the party cannot, for reasons stated, present by affidavit facts essential to justify the party’s opposition, the court may deny the motion for summary judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.”
Counsel’s affidavit does not state reasons why the Lennartzes at that point could not present facts essential to justify their op *392 position to Gregory’s assertion of the court’s lack of personal jurisdiction over him. Counsel’s affidavit simply attaches as exhibits the interrogatories and document-production requests and asserts that the information requested by them is “essential” to adequately oppose Gregory’s motion.
We have read each of the interrogatories and each of the document-production requests, however, and it is clear that answers and responses to them could not shed any further light on any of the issues pertinent to the resolution of the jurisdictional challenge. Everything relating to the circumstances of how the accident occurred, including Gregory’s involvement in it, had already been established by the various other submissions with which the Lennartzes supported their opposition, including the affidavits of Erin and Mr. Len-nartz, the respective interrogatory answers of each of the three plaintiffs to Gregory’s interrogatories and to the interrogatories of “the defendants,” the detailed “Narrative Summary of Plaintiff,” and the detailed “Argument of Plaintiff.” It is not disputed that Gregory owned the all-terrain vehicle Erin was driving at the time the accident and that he allowed Erin to operate it without confirming her competency to do so and without requiring her to wear a helmet and knowing that she was a resident of Alabama. The Lennartzes established that the accident and Erin’s injury occurred in Colorado, that she incurred substantial medical expenses there, and that she incurred additional medical expenses upon her return to Alabama.
None of the Lennartzes’ interrogatories and document-production requests propounded to Gregory seek any information concerning any contacts he might ever have had with Alabama, focusing exclusively on the circumstances of the accident. Thus, it is patent that this discovery sought no information relevant to the jurisdiction question, much less information “essential” to a resolution of that issue. The Lennartzes’ interrogatories and document-production request were mailed to Gregory by the Lennartzes’ counsel on September 8, 2005, and presumably were “due” when their counsel filed his affidavit on November 14, 2005, although that is not stated in the affidavit. As noted earlier, however, only after the motion for a summary judgment was denied and after Gregory had filed his petition for a writ of mandamus with this Court did the Len-nartzes move the trial court to compel responses to their pending discovery. Gregory filed his answers and responses to that discovery the month after the court entered its order compelling the same. None of the information supplied, all of which seems accurately responsive to the various interrogatories and requests, contradicts any of the jurisdictional information asserted by the Lennartzes, or supplies any information otherwise pertinent to the issue of jurisdiction.
Accordingly, even though we assume that Gregory’s interrogatory answers and document-production requests were due at the time the trial judge denied his summary-judgment motion, no motion to compel that discovery had been filed, no order compelling it had been entered, and the discovery sought did not relate in any way to the jurisdictional issue raised by Gregory and on which the summary-judgment motion was based. The Court concluded its opinion in Bufkin by stating: “[W]e assume that further proceedings with respect to discovery from Bufkin [the Mississippi resident who had filed a motion to dismiss asserting lack of personal jurisdiction over him] will be limited to the issue of personal jurisdiction until that issue is resolved.” 936 So.2d at 1048. The discovery the Lennartzes did file was not so limited, and, as explained, did not relate to *393 the issue of personal jurisdiction in any respect. Therefore, the denial of Gregory’s motion for a summary judgment properly presenting the issue whether the court had personal jurisdiction over him cannot be justified on the basis that there was pending discovery pertinent to the issue of personal jurisdiction.
With respect to the merits, the Lennartzes include within their “Statement of the Issues” in their response to the petition for the writ of mandamus, this statement:
“Plaintiffs by suing defendant Mark Wayne Gregory, et al., separately and severally, sufficiently pled a joint venture to preclude the granting of summary judgment as to defendant Mark Wayne Gregory on the existing record as to personal jurisdiction.”
In their “Summary of the Argument” (see Rule 28(a)(9), Ala. RApp. P.), which precedes the actual argument section of the response (see Rule 28(a)(10)), the Len-nartzes assert, “Defendant Mark Wayne Gregory was engaged in a joint venture with co-defendants, Alabama residents, resulting in the negligent entrustment of a 4-wheel ATV vehicle to minor Erin Len-nartz....” (Lennartzes’ Response, p. 10.) The Lennartzes do not revisit that contention in the ensuing “Argument” section of their response, however, and do not attach or quote from any portions of their complaint or attempt to paraphrase any portions of the complaint. We do not otherwise have a copy of the complaint before us, although we do know from Gregory’s submissions in support of his motion for a summary judgment that paragraph 2 of the complaint alleged that he was a resident of Arlington, Tennessee, and paragraph 3 of the complaint asserted that the accident resulting in Erin’s injuries occurred in Lake City, Colorado.
We also know, as stated earlier, the legal theories the Lennartzes asserted in the complaint against the defendants. The “Narrative Summary of Plaintiff’ and “Argument of Plaintiff,” which the Lennartzes submitted as part of their opposition to Gregory’s motion, describe in detail the circumstances of the accident and the involvement of the various defendants in it but never allude in any way to the possibility of a “joint venture” among the defendants on the occasion in question. For all that appears from any of the submissions available to us, Gregory and the Joiners were nothing more than mere joint tortfea-sors. Granted, in Ex parte United Insurance Cos., we held that the fact that the plaintiffs pleaded with specificity a claim of civil conspiracy among the defendants, coupled with plaintiffs request for the opportunity to conduct further jurisdictional discovery, satisfied the Troncalli standard and warranted allowing discovery on the issue of jurisdiction. The Lennartzes, however, make no such argument, do not suggest in any way that they actually pleaded in their complaint that the defendants were engaged in a “joint venture,” argue no caselaw or other authority relating to that concept, never apparently presented it to the trial court, and do not even include the proposition in the actual argument section of their response to Gregory’s petition for the writ of mandamus. Accordingly, we cannot find that their contention in that regard, such as they make it, provides a reason for the trial court’s denial of Gregory’s motion, given that Gregory’s submissions made a prima facie evidentiary showing that the court had no personal jurisdiction over him, and the Lennartzes were then required to substantiate the jurisdictional allegations in their complaint by affidavits or other competent proof. Ex parte Covington Pike Dodge, 904 So.2d at 229-30.
*394 The Lennartzes’ second and principal substantive argument for recognition of personal jurisdiction over Gregory under the circumstances of this case relates to application of the so-called “effects test.” They rely upon the following statements from Duke v. Young, 496 So.2d 37, 39 (Ala.1986):
“Physical presence [of the defendant within the forum state] merely provides strong, objective evidence of sufficient contacts. The fundamental question is, did the defendant act in such a manner that he reasonably ought to anticipate the direct consequences of his actions to be felt by another person residing in another state?
“This same point was established by the United States Supreme Court in Calder v. Jones, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984)....
“Crucial to the analysis is the element of foreseeability of the consequences of the defendant’s activities.”
Calder v. Jones, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), referenced by the Duke Court, involved the intentional libeling of a well-known entertainer who lived and worked in California, by an article authored and edited by two Florida residents, who intended their article to be published in a national magazine having a large circulation in California. The Supreme Court noted that “the article was drawn from California sources, and the brunt of the harm, in terms both of [the entertainer’s] emotional distress and the injury to her professional reputation, was suffered in California. In sum, California is the focal point both of the story and of the harm suffered.” 465 U.S. at 788-89, 104 S.Ct. 1482.
The Court concluded that, “based on the ‘effects’ of their Florida conduct in California,” the author and the editor were amenable to personal jurisdiction in California. 465 U.S. at 789, 104 S.Ct. 1482. In that regard, the Court emphasized that the defendants “are not charged with mere un-targeted negligence. Rather, their intentional, and allegedly tortious, actions were expressly aimed at California.” 465 U.S. at 789, 104 S.Ct. 1482. Because the defendants knew that the article “would have a potentially devastating impact upon [the entertainer]” and “knew that the brunt of that injury would be felt by [the entertainer] in the State in which she lives and works and in which the [magazine] has its largest circulation,” they should reasonably have anticipated being haled into court in California to answer for the truth of the statements made in their article. “An individual injured in California need not go to Florida to seek redress from persons who, though remaining in Florida, knowingly cause the injury in California.” 465 U.S. at 789-90, 104 S.Ct. 1482.
The “Calder effects test” has been limited to intentional-tort cases. See IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254 (3d Cir.1998), and Pavlovich v. Superior Court, 29 Cal.4th 262, 127 Cal.Rptr.2d 329, 58 P.3d 2 (2002). Even in that context, most courts define the Calder test as requiring something more than mere awareness that one’s intentional acts will cause harm in the forum state. E.g., Revell v. Lidov, 317 F.3d 467 (5th Cir.2002); Griffis v. Luban, 646 N.W.2d 527 (Minn.2002). As noted, the present case involves allegations of only negligence and wantonness.
This Court has taken note of the Calder test on a number of occasions, including: Ex parte Dill, Dill, 866 So.2d at 531-34; Andalusia Distrib. Co. v. Singer Hardware Co., 822 So.2d 1180, 1182-84 (Ala.2001); Sudduth v. Howard, 646 So.2d 664, 668-69 (Ala.1994); Keelean v. Central Bank of the South, 544 So.2d 153, 157-58 (Ala.1989)(overruled on other grounds by Professional Ins. Corp. v. Sutherland, 700 *395 So.2d 347 (Ala.1997); Duke, 496 So.2d at 39-40; and Brooks v. Inlow, 453 So.2d 349, 353-54 (Ala.1984)).
In upholding personal jurisdiction over nonresident defendants in Duke, this Court emphasized that Duke’s allegations that the defendants had “conspired to fraudulently conceal a material fact during the [business transaction] negotiations with Duke” did not involve “an example of mere untargeted negligence”; rather, “[t]he defendants’ ‘intentional, and allegedly tortious, actions were expressly aimed at’ Alabama. Calder, supra, 465 U.S. at 789, 104 S.Ct. at 1487, 79 L.Ed.2d at 813.” 496 So.2d at 40. Likewise, in Sudduth, the Court pointed out that the allegations made against the nonresident defendant did not involve allegations of mere untar-geted negligence; “[r]ather, this is an allegation of intentional tortious action expressly aimed at Alabama residents.” 646 So.2d at 669.
As earlier noted, many of our cases emphasize the point that a nonresident should reasonably anticipate being sued in Alabama when the nonresident has “purposely directed” its actions toward this State. E.g., Ex parte Alloy Wheels Int'l, Ltd., 882 So.2d at 827. If the mere fact that an Alabama resident, injured in another state by a completed tort committed there by someone who is not a resident of Alabama, might be expected to suffer further or ongoing damage upon return to Alabama was sufficient to subject the nonresident tortfeasor to personal jurisdiction in Alabama, the cases of Van Kleef, supra, and Troncalli, supra, would have been decided differently. In each case, the conduct of the nonresident defendant in another state caused legally cognizable injury to the plaintiff in the state in which the injury occurred, but with further and ongoing damage to the plaintiff in Alabama. Nonetheless, in both of those cases this Court found an absence of sufficient contacts to warrant the exercise of in personam jurisdiction over the nonresident defendants.
The Lennartzes’ argument concerning the “effects” in Alabama of Gregory’s activities in Colorado is stated in their response to the petition for the writ of mandamus, as follows:
“Defendant Mark Wayne Gregory knew or should have known that the consequences of his allowing a minor to drive a 4-wheel ATV vehicle for the first time, without a helmet, would foresee-ably have direct consequences beyond the state of Colorado, and that injuries sustained would be visited upon minor Erin Lennartz in Colorado, during her transportation from Colorado back to the state of Alabama, and at her residence in the state of Alabama.
“Additionally, the damage[ ] of loss of services, [m]edical expenses sustained by plaintiff Catherine Lennartz and Richard Lennartz, as parents of Erin Lennartz, a minor, were suffered and sustained in the state of Alabama, and it was totally foreseeable that these injuries would have consequences in Alabama.
“Defendant Mark Wayne Gregory allowed an Alabama resident, a minor, to use his 4-wheel ATV motor vehicle, and therefore it was totally foreseeable that injuries sustained by such negligence or wantonness by defendant Mark Wayne Gregory would subject said defendant to litigation in the state of Alabama.”
(Lennartzes’ response, p. 16-17.)
Assuming for the sake of this analysis that Gregory tortiously injured Erin as charged, the tort was completed, and fully accrued, in Colorado. The materials before this Court contain nothing concerning the nature of Erin’s continuing injuries, or the state of her recovery, once she re *396 turned to Alabama, but those materials do suggest that the bulk of medical bills resulting from the accident were incurred while she remained in Colorado. As noted earlier, even if the Lennartzes were charging Gregory with intentional tortious conduct, most courts would require something more for the imposition of personal jurisdiction than knowledge on the part of Gregory that, because Erin was an Alabama resident, the intentional acts could eventually cause her to experience harm in Alabama. Moreover, even assuming that the Calder test should be applied in a case involving allegations of nonintentional tor-tious actions, there is no evidence indicating that Gregory’s actions were expressly aimed at Alabama.
In arguing their theory of the “effects” in Alabama of Gregory’s alleged negligence and wantonness in Colorado, the Lennartzes cite only Duke and Alabama Waterproofing Co. v. Hanby, 431 So.2d 141 (Ala.1983). Decided a year before Calder, Hanby upheld the exercise of personal jurisdiction over three Mississippi residents who had signed, in Mississippi, a guaranty agreement whereby they personally guaranteed the performance by other parties to a contract involving the sale of an Alabama corporation. The underlying contract, negotiated and executed in Alabama, specifically required that the Mississippi residents execute the guaranty agreement. This Court concluded:
“Irrespective of the singular fact that the nonresident appellants actually signed the guaranty in Mississippi, the Court is of the opinion that the trial court could have found that the guaranty signed by each appellant was a significant aspect of the negotiations which occurred in Alabama and that it was foreseeable that appellants’ transaction would have consequences in this state.”
431 So.2d at 145. In Brooks, supra, decided two months after Calder, this Court observed that the “effects” test approved by the United States Supreme Court in Calder “appears quite similar to the ‘consequences’ test enunciated in [Hanby].” 453 So.2d at 353.
Neither Hanby nor Duke stand for the proposition that negligence or wantonness occurring in another state and not expressly aimed at Alabama can effect personal jurisdiction over the nonresident tortfeasor simply because the Alabama resident injured in that other state returns to Alabama and continues to experience the effects of the injury, the nonresident defendant having no “other” contacts with Alabama.

Conclusion

For all the reasons explained above, we grant Gregory’s petition and issue the writ of mandamus directing the Colbert Circuit Court to vacate its order denying Gregory’s motion for a summary judgment and to enter an order granting the motion on the ground of lack of personal jurisdiction.
PETITION GRANTED; WRIT ISSUED.
NABERS, C.J., and SEE, LYONS, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.

. We note the observations of Justice Lyons in his special concurrence in Ex parte Alloy Wheels International, Ltd., 882 So.2d 819 (Ala.2003), pointing out the procedural distinctions attending the use of a Rule 12(b)(2), Ala. R. Civ. P., motion to dismiss for lack of jurisdiction over the person, and the use to that end of a motion for a summary judgment. 882 So.2d at 827-28.